JUDSON v. EMANUEL, *et al.*

1. Where a bill for a foreclosure, alledges the existence of the notes and mortgage, their *execution* may be proved *viva voce* at the hearing, and a recital in the decree, that such proof was made, will be sufficient without setting out the evidence.

2. In a bill to foreclose a mortgage, it is necessary that all incumbrancers, prior, and subsequent, should be parties; but if process is served on them, and they fail to appear and answer, the complainant may proceed to foreclose the mortgage.

Error to the first district Southern Chancery division, sitting at Mobile.

This was a bill in chancery filed by Jonathan Emanuel, to foreclose a mortgage on certain lands described in the bill, executed by the plaintiff in error to him, and one Bloodgood. The bill charges that the plaintiff in error, was indebted to the complainant and Bloodgood, in the sum of seventeen thousand, one hundred dollars, secured by six promissory notes as follows, dated 1st May, 1835:

One for two thousand six hundred and seventy-five dollars, payable to Emanuel, due 1st May, 1836; one for two thousand six hundred and seventy-five dollars, payable to J. Bloodgood,

due 1st May, 1836; one for two thousand eight hundred and fifty, dollars, payable to Emanuel, due 1st May, 1837; one for two thousand eight hundred and fifty dollars, payable to Bloodgood, due 1st May, 1837; one for three thousand and twenty-five dollars, payable to Emanuel, due 1st May, 1838; one for three thousand and twenty-five dollars, payable to Bloodgood, due 1st May, 1838.

The bill charges that the third, and fifth, of the notes payable to Emanuel was not paid; that Bloodgood pretends to, or claims an interest in the premises by virtue of the mortgage, and prays that he be made a party defendant to the bill with Judson, and be compelled to answer, &c.

The bill prays an account, and that the defendants be barred and foreclosed of their equity of redemption.

The subpœnaes were returned executed, on both of the defendants, and they failing to appear and answer, a decree *pro confesso* was taken against them, after which is the following entry:

A decree *pro confesso* having been entered in this case for want of an answer, the complainant came on this day, and produced to the court his original mortgage and notes, which are proven and referred with the bill, to the master, to report the amount due, who reported the sum of six thousand eight hundred and forty-five and ninety-seven one hundredth dollars, and no objection being made to the report, it was confirmed. The court decreed "that the defendant pay that sum, with interest from the date of the decree within sixty days, and in default thereof, that then the master sell the premises described in the complainants bill and mortgage, at public auction in front of the court house of the county, or so much thereof, as may be necessary to satisfy the said debt, &c., on the same conditions and in the same manner, as sheriffs sell under execution; that he give public notice of said sale by publication in a newspaper published in the city of Mobile, once a week for thirty days; that he pay the costs of suit, and complainants demand out of said sale, and the residue, if any, bring into court; and that the master report what he shall have done in the premises, to the next term of this court."

From this decree Judson prosecutes this writ of error to this court, and now assigns for error,

1. That the court did not sit, and was not held at a term prescribed by law, but at a different term.

2. There is no evidence to support the decree.

3. That the assignment of John Bloodgood the mortgagee, is not shown, and that he is not a party to the cause.

4. That several notes embraced in the mortgage are not accounted for.

5. That the whole decree is erroneous, uncertain, and void.

CAMPBELL, for plaintiff in error, insisted that the mortgage should have formed a part of the evidence in the cause. (2 Johns. Ch. Rep. 481; 2 H. & M. 129; 2 Madd. 426; 4th Hen. & Mun, 441.)

The exhibit should have been attached to the bill; a copy appended to the bill cannot be proved as an exhibit. (3 Bibb 199; 3 Marshall 171.)

In courts of chancery all matters of evidence appear in the record, recitals are not taken for facts, but the evidence of the facts are required to be spread out in the record. If a deed is shown, which on its face, appears to be a copy, exception may be taken in the appellate court; *a fortiori,* the want of a deed: (9 Cranch. 122; 6 Johns. 543.) In the bill, the existence of other notes, and of another interest in the debt was shewn. An answer, therefore, was not necessary, as it was all shewn by the bill; and the order of reference, should have included an inquiry, into all the interests specified in the bill.

The master is the proper person to whom to refer matters of account, and the reference should have been as broad as the allegations of the bill. (Hopkins' Rep. 277: 3 Johns. 591.)

The master's report is good for nothing, beyond the order of reference. In this case, the order of reference was to calculate the amount due.

STEWART, contra.

ORMOND, J.—In the case of Levert *et al.* v. Redwood, (9 Porter 79,) the same objection which is now urged as to the proof of the mortgage and notes, *viva voce* before the chancellor, and the absence of the proof from the record, was made; and the court held, that oral testimony might be received at the hearing, to prove written instruments, or other documentary evidence. The court say, " the power to admit *viva voce* evidence being shown, it must follow as a necessary consequence, that the chancellor must also have that of stating what the evidence is, and it would be wholly unnecessary for him to pursue the precise statements of the witnesses, as such a course would frequently encumber the record, with much immaterial and superfluous matter. The objection in the present case, is, that the mortgage and notes are not set out in *hæc verba*. The chancellor states, that the mortgage and notes were produced and proved in open court. It would be a most unreasonable inference to draw from this statement, that they were other, or variant, from those described in the bill; and even in a contested suit, we should deem this statement sufficient, when referring to the identical papers, which were the foundation of a suit."

The case just cited on this point, is identical in all respects, with this; and as we are entirely satisfied with the decision there made it is decisive of this question.

It is further insisted, that as it is shown by the bill, that Bloodgood had also an interest in the debt, that notwithstanding he has not answered, yet as it appears by the bill, it should have been referred to the master to state an account.

When a bill is exhibited to foreclose a mortgage, all incumbrancers, prior as well as subsequent, must be made parties to the bill, otherwise they will not be barred by the foreclosure and sale of the premises. Haynes and others v. Beach and others, (3 Johns. Chan. Rep. 459.) In this case, Bloodgood was made a party to the bill, and process served on him, but he failed to appear and answer, and it is now insisted, that the decree is erroneous in not assertaining the amount due Bloodgood on the mortgage, thereby exposing the mortgagor to another suit at the

instance of Bloodgood. If this result should follow, it will not be the fault of the complainant, he has done all in his power to settle the litigation in one suit, and cannot be deprived of his right to obtain a decree for his debt, by the refusal, or neglect of another, whose debt indeed, for any thing that appears to the contrary, may be paid.

For the error first assigned, that the decree was made at a time when the court had no power to sit, the decree must be reversed and the cause remanded, on the authority of the case of Cullum v. Casey, at the present term.