## DOE, EX DEM. CHAUDRON v. MAGEE.

1. A *lis pendens* duly prosecuted and not collusive, is notice to a purchaser, so as to affect and bind his interest by the decree ; and the *lis pendens* begins at least from the service of the *subpœna* after the bill is filed, and by analogy, after publication regularly made, as to a non-resident defendant. In the latter case, the newspaper in which publication is printed, when aided by the production of the order, and extrinsic proof that the paper was regularly issued as contemplated by it, would be competent evidence to show the pendency of the suit.

2. Whether one purchases of a mortgagor previous or subsequent to the commencement of a suit for the foreclosure of a mortgage, it is not necessary to make him a party, and such subsequent purchaser need not be made a party to affect him with the *lis pendens*.

Writ of Error to the Circuit Court of Mobile.

THIS was an action of ejectment, for the recovery of certain lots of land situated in the city of Mobile. The defendant entered into the usual consent rule, and the cause was tried on the plea of " not guilty ;" the jury returned a verdict for the defendant, and judgment was rendered accordingly. On the trial, the plaintiff excepted to the ruling of the Court, and the bill of exceptions discloses the following case, viz : The plaintiff introduced as evidence the record of a suit determined by the Court of Chancery sitting at Mobile, at the suit of Duval's heirs against George Getz and Joshua Kennedy ; the object of which was to foreclose a mortgage executed by Getz to the ancestor of the complainants ; or else to set aside a conveyance made by the mortgagee to the mortgagor of the premises in question, and let the complainants into the possession of the same. *Further,* he gave in evidence the deed of the register, by which the mortgaged premises were conveyed to him as the purchaser at the sale made under the decree of foreclosure ; and then proved their location, the value of the rents, &c., " and here rested his case." The defendant then " introduced a deed from Getz, the mortgagor, dated the — day of ——, 1836, together with various other deeds ; all going to show a conveyance of the property in ques-

Doe, ex dem. Choudron v. Magee.

tion, after the bill for a foreclosure was filed, and before the decree was pronounced." To prove the pendency of the suit in equity, at the time and previous to the execution of the deeds under which the defendant claims, he adduced the newspaper in which the order made at the March term, 1835, of the Court of Chancery, was published in June and July of that year. The defendant's counsel objected to the admission of this evidence, and it was excluded by the Court.

The plaintiff then offered to prove that Henry Hitchcock, under whom the defendant claimed, was informed at the time that he made the purchase from Getz, of the premises in question, that the bill for a foreclosure was pending; and such proof was actually adduced. *Whereupon*, the Court charged the jury, " that if Hitchcock purchased the property in dispute from Getz during the pendency of the suit in equity, he was not entitled to notice, and is bound by the decree. If he purchased before any suit pending, he ought to have been made a party to the suit by *subpoena*, or publication. The pendency of the suit commences as soon as the defendant is made a party; if made a party by *subpoena*, it commences as soon as the *subpoena* is served; if by publication there must be evidence from the record that publication was made ; if there is no such evidence it is to be presumed that he answered as soon as he was notified, and the pendency of the suit commences from the time of his answer. In this case, if Hitchcock purchased before the defendant Getz answered, he ought to have been made a party to the suit."

J. TEST, with whom was J. GAYLE, for the plaintiff in error, insisted that Hitchcock was not an essential party to the bill to foreclose ; he had notice of its pendency, though the complainants may not have been informed of his purchase, and that notice, however communicated, was sufficient to bind him. He stood in the place of the mortgagor, and could only claim the equity of redemption. A notice in fact should certainly be regarded as equivalent to a registry of the mortgage, which by construction, operates a notice, and by statute is declared to be sufficient to prevent an incrumbancer, not in possession, from being defeated by a subsequent purchaser.

COLLIER, C. J.—The question how far the pendency of a

suit was notice to a purchaser from the defendant, was most elaborately considered in Murray v. Ballou, 1 Johns. Ch. Rep. 566. Chancellor Kent there said, " The established rule is, that a *lis pendens,* duly prosecuted and not collusive, is notice to a purchaser, so as to affect and bind his interest by the decree; and the *lis pendens* begins from the service of the *subpoena* after the bill is filed." To the same effect are Murray v. Finster, 2 Johns. Ch. Rep. 155; Heatley v. Finster, 2 Johns. Ch. Rep. 158; Murray v. Lylburn, 2 Johns. Ch. Rep. 441; Green, et al. v. Slayter, et al., 4 Johns. Ch. Rep. 38. In Culpepper v. Austin, 2 Ch. Cas. 115, the testator had conveyed lands to his executors in fee to pay his debts, and after his death the defendant purchased the lands of the executors for a valuable consideration, pending a bill brought by the heir to have the lands, on the ground that they were not wanted to pay debts. It was held by the Lord Chancellor that the pendency of the suit between the heir and the trustee (although there was no notice in fact,) was sufficient notice in law, and the defendant purchased at his peril; so that if it appeared the sale was unnecessary and improper, the heir would recover against the purchaser. The result was that the defendant lost his purchase, though he had purchased and paid the money the same day the bill was exhibited. [See Self v. Maddox, 1 Vern. Rep. 459; Finch v. Newnham, 2 Id. 216; Newland on Con. 506; Garth v. Ward, 2 Atk. Rep. 174; Worsley v. Scarborough, 3 Id. 392; Harris, et al. v. Carter's adm'r et al. 3 Stew. Rep. 233.] Sir William Grant, Master of the Rolls, said, " He who purchases during the pendency of the suit, is bound by the decree that may be made against the person from whom he derives the title. The litigating parties are exempted from the necessity of taking any notice of a title so acquired. As to them it is as if no such title existed. Otherwise, suits would be interminable, or which would be the same in effect, it would be in the pleasure of one party at what period the suit should be determined. The rule may sometimes operate with hardship, but general convenience requires it." [The Bishop of Winchester v. Paine, 11 Ves. Rep. 194. See cases collected in Kinne's Law Comp. 131, 132, and 2 Pirtle's Dig. 73–75.]

These citations very satisfactorily show, that the rule we have stated is well established. If it does not operate until process is served upon a resident defendant, we would say after publication

Doe, ex dem. Chaudron v. Magee.

as to a non-resident, there was such a *lis pendens* as would affect a purchaser with notice. Publication is a means provided by statute, for bringing in a non-resident defendant to a suit in Chancery, and as it respects the action of the Court, is equivalent to a *subpoena*. If necessary then, to show that parties were made, in order to overreach and defeat the title of the purchaser acquired *pendente lite*, we can conceive of no objection to the admission of the newspaper in which the order of publication was printed. Perhaps it might be insufficient evidence to make out the fact, in itself; but when aided by the production of the order, and parol evidence that the paper was regularly printed and issued as it purports, the proof would be ample. If the order did not appear of record, it might perhaps be necessary to have it entered *nunc pro tunc*, unless it was recited in a decretal order subsequently made, by which the bill was taken for confessed. But there is nothing in the bill of exceptions to show that the record in Chancery was defective, unless it be the charge to the jury; and this is a mere hypothetical statement of the law, as understood by the Circuit Judge.

In Cullum, et al. v. Batre's ex'r, 2 Ala. Rep. 420, we decided, that to a bill for the foreclosure of a morgage, it was not necessary to make either a prior or subsequent incumbrancer a party; that the rights of the former are paramount, and the latter, where he is not made a party, will not be concluded. [See Judson v. Emanuel, et al.. 1 Ala. Rep. 598; Walker, et al. v. The Bank of Mobile, 6 Ala. Rep. 452.] It is perfectly clear, that Hitchcock purchased previous to the institution of the suit by Duval's heirs v. Getz and Kennedy, and under no circumstances was it necessary to have made him a defendant in that case, in order to affect him with the *lis pendens*. He was a purchaser *pendente lite*, and in legal presumption, had notice.

This view is decisive of the cause, and the consequence is, that the judgment is reversed, and the cause remanded.