## WILEY, BANKS & CO. *vs.* EWING ET AL.

[BILL IN EQUITY FOR REDEMPTION OF MORTGAGED LANDS.]

1. *Right of redemption, as between several mortgagees.*—Where a debtor executes two or more mortgages on the same tract of land, at different times, to different persons, and for the security of different debts, the junior mortgagee has the right to redeem from the senior mortgagee, by paying his debt, with interest and costs.
2. *Same.*—This is an equitable right, founded on common-law principles, and is entirely independent of the statutory right of redemption given to judgment creditors ; and it applies equally to deeds of trust to secure the payment of debts, and to mortgages proper.
3. *Same.*—If the lands have been sold under a decree of foreclosure on the senior mortgage, the junior mortgagee not being a party to the suit, he may redeem from the purchaser at the sale, on paying the amount of his bid, with interest and costs, and the value of all permanent improvements erected by him up to the time of the tender, or offer to redeem ; and if the tender is refused, the purchaser is chargeable with the value of the rent from the time of the tender and refusal.
4. *Same ; limitation of.*—The right to redeem, in such case, is not governed by the limitation of two years, which is the prescribed bar to proceedings under the statute, but may be asserted at any time while the mortgage is operative.

APPEAL from the Chancery Court of Cherokee.
Heard before the Hon. B. B. McCRAW.

THE bill in this case was filed by the appellants on the 14th March, 1868, against W. T. Ewing, Edith Shehan, (who was the widow of John Shehan, deceased,) Thomas Hollingsworth, and George S. Walden ; and sought the redemption of certain lands, which had been mortgaged by said Hollingsworth, at different dates,—first, to D. C. Turrentine, to secure the payment of a debt due to said John Shehan ; and afterwards to said Walden, as trustee, to secure the payment of a debt due to the complainants. All the material facts of the case are thus stated in the opinion of the court, as delivered by PETERS, J. :

"Thomas Hollingsworth, of Cherokee county, in this State, incumbered a certain portion of his lands, in said county of Cherokee, in this State, by two deeds in trust, to the trustees therein named, in order to secure the payment of sundry debts therein named. These deeds were executed at different times, to different persons, and for the security of wholly different debts. The first deed, in the order of its execution, was made on the 5th day of July, 1852, and was intended to secure a debt to John Shehan, for $1,961 52, due by promissory note, on the 25th day of March, 1853. This deed was to Daniel C. Turrentine, as trustee. The second deed, in the order of its date, was executed on July 6, 1855, and was made to secure a debt to Wiley, Banks & Co., for $4,659 53, owing by promissory note of like date with the deed, and falling due in six months from the date of said note last said. Both these deeds were acknowledged, and recorded; the former on the 10th day of August, 1852, and the latter on the 31st day of January, 1856. It does not appear when the second deed was deposited in the office of the proper county office for record. This deed was to Walden as trustee.

"On the 5th day of March, 1863, Ewing purchased the lands mentioned in said deed to Walden, for the security of the claim of Wiley, Banks & Co., from Hollingsworth, and paid him $7,000 in Confederate money for the same, as is shown by his deed; but the debt to Shehan, and some other debts, were to be discharged out of this sum. Confederate treasury-notes were then worth about thirty-three and one-third cents in the dollar. Under his purchase thus made, Ewing went into possession of said lands; and has so remained since. Shehan died; and after his death, on the 27th day of May, 1863, his widow, Mrs. Shehan, as his executrix, and said Turrentine, said trustee, filed their bill in the rebel chancery court of said county of Cherokee, in this State, to foreclose the deed to Turrentine as trustee by a sale of the lands therein conveyed. Wiley, Banks & Co., and said Walden, their trustee, were not made parties to this suit, so instituted in said rebel court. There was a decree in this suit last said in favor

of the complainants, and the lands aforesaid were ordered
to be sold by the register. At this sale by the register un-
der said decree, Ewing became the purchaser, and took
the deed of the register. This deed last said bears date
October 5, 1863. Before this, on October 3, 1863, Ewing
had purchased from Mrs. Shehan, and her trustee, Turren-
tine, said decree under which said lands were sold to him
by the register as aforesaid. Ewing appeared at the reg-
ister's sale, and, as owner of said decree, demanded specie
from the purchaser, and bid off the lands sold for himself
for the sum of $2,782 28, 'principal and interest, with in-
terest from decree, together with costs." This sale was
not reported by the register to said rebel court, as required
by the decree ordering it, but it was reported and con-
firmed on petition of Ewing in the court of chancery of
said county of Cherokee on January 5, 1869. Ewing paid
no money on the sale to him by the register, which was re-
turned into court, but took the register's receipt for
$2,782 28 in gold. But it does not appear that any gold
was really paid, otherwise than by said receipt. Neither
Wiley, Banks & Co. nor their trustee, Walden, were par-
ties to this proceeding on petition, or in anywise assented
to it, or had any proper notice thereof.

" After this, on the 2d day of August, 1867, as the proof
shows, Wiley, Banks & Co. offered to redeem the lands
thus sold to Ewing, and tendered to Ewing, when said offer
was made, the amount of his debt or decree purchased by
him from Mrs. Shehan and her trustee as aforesaid. In
the bill this offer to redeem and tender is stated in the fol-
lowing words : " Complainants state, ' that on the —— day
of September, 1867, they, by agent, J. L. McConnell, ten-
dered to the said W. T. Ewing an amount of money more
than sufficient to pay back to him his bid at said register's
sale, with ten per cent. thereon from the time of said sale,
and all lawful costs and charges connected with the re-
demption of the same, and more than the value of all the
improvements made by said Ewing on said land, and of-
fered to credit orators' deed in trust with a sum of money
at least equal to ten per cent. on the amount bid by said

Ewing for said lands, and proposed to said Ewing to re-deem said lands on said terms; which said offer and ten-der the said Ewing then and there refused. Orators state that the amount of money so tendered by them was the sum of four thousand dollars in legal currency, which said sum, or any other amount found due, orators propose to pay into court, as your honor may direct, and propose to credit their deed in trust with ten per cent. or any other sum your honor may direct.' The prayer was for any relief applicable to the facts of the complainants' cause.

FOSTER & FORNEY, for appellants.—1. Ewing's claim as a purchaser, under his deed from Hollingsworth, is subordi-nate to the complainants' mortgage, of which he had no-tice, both actual and constructive.

2. His purchase under the decree of foreclosure does not bar the complainants from relief. They were not par-ties to that suit, and their rights are not affected by it. They have the right to redeem from the purchaser, on paying him the amount of his bid.—*Haines v. Beach*, 3 John. Ch. 469; *Swift v. Edson*, 5 Conn. 531; 2 Hilliard on Mortgages, 151, § 154; 2 Ala. 422; *Judson v. Emanuel*, 1 Ala. 598; 11 Paige, 28.

3. The complainants' demand was not barred by the statute of limitations, nor obnoxious to the charge of stale-ness.—*Johnson v. Johnson*, 5 Ala. 90; 2 Hilliard on Mort-gages, pages 6–26.

WALKER & MURPHEY, *contra*.—1. On the facts set forth in their bill, the complainants have no equitable right of redemption, and no statutory right of redemption. To en-title them to redeem, they must perform all the acts which would have been required of Hollingsworth, as they can have no other or greater rights than he had.

2. The allegation of tender is insufficient. It does not aver the tender of any specific amount, and it applies only to improvements made by Ewing. The tender should have been of a precise sum, and should have covered all im-

provements made by Ewing and those from whom he purchased, with all lawful charges, &c.—Rev. Code, § 2511.

3. The complainants were not judgment creditors; consequently, they were not entitled to redeem under the statute.—Rev. Code, § 2513 ; *Branch Bank v. Furniss*, 12 Ala. 367 ; *Thomason v. Scales*, 12 Ala. 309 ; *Freeman & Warren v. Jordan*, 17 Ala. 500.

4. Whatever statutory right ever existed in them, was barred by the limitation of two years.

5. Ewing, by his purchase at the sale under decree in chancery, superadded the right of a purchaser under a foreclosure suit to his rights as the owner of the prior incumbrance in favor of Shehan, by transfer of the decree of foreclosure to him. His rights, both as purchaser under the decree of foreclosure, and purchaser of the mortgage debt secured by the decree of foreclosure, were as complete in him as they would have been in him as purchaser at the sale and Mrs. Shehan as owner of the mortgage debt, in the absence of his purchase of the mortgage debt and decree of foreclosure. As a preliminary to the redemption by Wiley, Banks & Co., as subsequent incumbrances, it is indispensable that they shall extinguish the two prior rights existing in Ewing as a purchaser at the register's sale, and as a purchaser of the decree of foreclosure and mortgage debt of Mrs. Shehan. Before redemption, Wiley, Banks & Co. must perform unto Ewing the same duty which they would have been required to perform unto Mrs. Shehan, in the event Mrs. Shehan had remained the owner of the mortgage debt and decree of foreclosure; and also to perform unto Ewing all that was due to him as a purchaser at the register's sale. Where a sale has been made under such a decree as was had in this case, a subsequent incumbrance can only sustain a bill of redemption upon the payment to the purchaser of the purchase-money paid by him on the register's sale, and the further payment of so much of the mortgage debt as remains unsatisfied by the sale. This proposition is sustained by the decision in *Gliddon v. Andrews & Bros.* (14 Ala. 733.) To sustain such a bill for redemption, it would

be further requisite that Wiley, Banks & Co. should pay all expenses incurred in a chancery suit. Furthermore, a tender of the payment of these liabilities was requisite to be made before filing complainants' bill.—*Daughdrill v. Sweeny*, 41 Ala. 310.

6. The complainants have forfeited whatever rights they once had, by their own laches, which has resulted in the loss of a portion of the property covered by their deed, on which Ewing had no claim. Having lost their separate security, through their own fault, they can not be allowed to participate in the common security embraced by both deeds.

7. The deed of trust to Wiley, Banks & Co. is fraudulent and void, both on its face, and under the proof.—Revised Code, § 1861; *Reynolds v. Crook*, 31 Ala. 634; *Beall v. Williamson*, 14 Ala. 55; 10 Ala. 137.

PETERS, J.—A deed in trust, for security of the payment of a debt, is to be treated as a mortgage. It is, in fact, a conveyance of an estate, by way of pledge, for the security of a debt, to become void on its payment.—4 Kent, 147; 1 Hilliard on Mort. 1, 2, 3; Adams' Eq. 122 (126). Where there are several mortgages on the same land, all the mortgagees are entitled to the benefit of the security. The first (or senior) mortgagee may foreclose, and sell the land for the payment of his debt; but it is also the right of the second (or junior) mortgagee to redeem from the first, or pay off his debt, and then foreclose and sell the pledge, for the payment of his own debt; and so on to the end of any number of mortgagees.—*Cullum v. Ewing*, 4 Ala. 452. Hence, in a suit for foreclosure, all the mortgagees must be made parties, in order that they may, if they choose, exercise this right of redemption.—2 Ala. 415, 420; Story Eq. Pl. 177, *et seq.* This is the legal purport of the contract. And every person who buys or sells property in this State, must be presumed to know the law governing the contract by which the title passes, and that in such case he buys a defeasible title. *Ignorantia juris, quod quisque tenetur scire, neminem excusat.*—2 Bl. Com.

(Cooley's Ed.) p. 313, at bottom ; Broom's Max. 190, *et seq*. The law of such contract enters into it, as if it were a stipulation of the contract itself.—4 Wall. 535, 550.

The common law, as modified by our constitution and our statutes, is a part of the law of this State, so far as applicable to our institutions and government.—*Barlow v. Lambert*, 28 Ala. 704; Shep. Dig. p. 475, and cases there cited under title, COMMON LAW.    At common law, the rule in reference to mortgages applies.    And if the senior mortgage has been foreclosed by a decree and sale, and the junior mortgagee has not been made a party to the foreclosure suit, he is not barred of his right to redeem. In such case, the junior mortgagee, notwithstanding the decree and sale under the senior mortgage, can file his bill against the purchaser to redeem.    This is an equitable right, that has nothing to do with our statute of redemptions.—*Haines v. Beach*, 3 John. Chan. R. 459; *Swift, Ex'r, v. Edson*, 5 Conn. 531; 2 Hilliard Mort. p. 131, § 48; *Judson v. Emanuel et al.*, 1 Ala. 598, 601; ORMOND, J., *arguendo*, 2 Ala. 420, *supra*.

In the case of *Haines v. Beach (supra)*, Beach made two mortgages on the same lot of land : one to Gardner, in December, 1804; the other to Brazier, in March, 1811. In April, 1815, Gardner, the senior mortgagee, filed his bill for foreclosure and sale ; and a decree for sale was made in September, 1815; and the premises were sold by the master, under the order of the court, in November, 1815, and Field became the purchaser, and took the master's deed.    Brazier died.    Then a bill was filed by the executors and heir and devisee of Brazier, the junior mortgagee, against Field, the purchaser under Gardner's foreclosure and sale.    Field put in his answer and plea, admitting the senior mortgage to Gardner, and the bill and decree and sale of the premises to him by the master for $1,508, and the deed of the master to him for the premises, of which he was put in possession, and pleaded the same in bar of the suit against him.    This defense was deemed insufficient by Chancellor Kent, who presided on the trial, and the junior mortgagee was permitted to re-

deem, notwithstanding the sale by the register, and his deed to Field. This case is almost precisely parallel with the case at bar.

The purchase by Ewing from Hollingsworth, the mortgagor or grantor in the deeds in trust, does not alter the case. Both the trust deeds, in this case, were recorded long before the accrual of the right of Ewing, under his purchase from Hollingsworth.—Rev. Code, § 1558; *Gimon v. Davis*, 36 Ala. 592, 589; Shep. Dig. p. 700, § 24, *et seq.* Besides, the proofs satisfy my mind that Ewing had sufficient actual notice of these deeds, at the time of his purchase, to put him on his guard. This was enough.—Adams Eq. 158, and notes. Hollingsworth swears that he gave Ewing actual notice of the trust deed to Wiley, Banks & Co., at the time of the sale; Ewing admits, in his first answer, that he was told by Hollingsworth, "prior to the purchase of said lands, that the deed in trust upon said lands, held by the complainants, had been fully paid off and satisfied." Cain's evidence corroborates this statement. Ewing's *amended* answer and *his* own deposition can not be permitted to overturn this deliberate admission and the testimony of two witnesses, who establish its truth. The evidence overbears his denial that he had no notice.

The proofs show that the trust deed to Wiley, Banks & Co. was not a conveyance to secure a debt *created* at the date of the conveyance. Though the note and the mortgage bear the same date, it is very evident that the debt had been created and contracted long before, as a mercantile debt for goods purchased from the complainants. It is not, then, affected by the Code.—Rev. Code, § 1557.

It is also insisted, that the right of Wiley, Banks & Co. to redeem is barred by the statute of limitation, or by the staleness of their claim. I do not think so. The claim under the deed is not barred short of ten years. It is an instrument under seal.—Rev. Code, § 2900. After deducting the period of time covered by the supremacy of the rebellion, ten years had not elapsed before the bill was filed.—*Coleman v. Holmes*, 44 Ala. 124. The right to re-

28

deem, in this case, depends upon the mortgage or trust deed, not upon the statute, and it subsists as long as the mortgage is not barred. The note was not barred, as there were partial payments made upon it as late as July, 1860, and by Hollingsworth himself in March, 1858. These payments remove the bar of the statute.—Revised Code, § 2914.

The limitation of two years, which applies to redemptions under the statute, does not apply to such a case as this. The two cases are not at all the same. Under the statute, only *judgment* creditors can redeem.—Rev. Code, §§ 2513, 2515 ; *Thomason v. Scales et al.*, 12 Ala. 309. Here, the *mortgage* creditor only can redeem, because the right is dependent on the mortgage.—4 Ala. 452, *supra*. Under the statute, a tender of the bid of the purchaser and ten per cent. thereon per annum, together with all lawful charges, and an offer to credit the debtor with ten per cent. on the original bid, upon some subsisting judgment against him, is required to perfect the right to redeem. This may be a very small sum, as it is admeasured by the bid of the purchaser, and not by the whole debt of the mortgagor.—Revised Code, §§ 2509, 2513, 2515. But here, the second or junior mortgagee must pay off the whole mortgage debt of the senior mortgagee, if the redemption is from him, with costs and charges; and if from the purchaser, then the sum paid by him on his purchase, at the register's or master's sale under the decree of foreclosure, and interest thereon up to the offer to redeem and tender, with his costs, and also the value of the permanent and useful repairs made by such purchaser (Ewing) on the mortgaged premises, since his purchase and prior to the offer to redeem and tender. This is quite different from the proceedings under the statute. The statutory remedy is, therefore, only cumulative, and not intended to repeal the remedy in chancery at common law. Both are intended to favor the debtor, and prevent the sacrifice of his property at much less than its real value. And the right is dependent on the contract of mortgage.

An offer to redeem and tender in the legal-tender treas-

ury-notes of the United States is sufficient.—Legal Tender Cases, 11 Wall. 682.

Nothing is intended to be said about the validity or. the invalidity of the decree of the rebel court, under which Ewing purchased, nor of the irregularities of the sale or its confirmation. These are questions that need not be considered in this case. It would have been equally the right of the complainants in the court below to redeem from Ewing, had the court been legal and the proceedings regular.

On the facts of this bill, and the foregoing authorities, there can be no reasonable doubt that the complainants in the court below, who are the appellants in this court, have the right, in this case, to redeem. The learned chancellor will make the proper orders in the court below to enable them to do so, and proceed, in the future disposition of this cause, in conformity with the 'principles laid down in this opinion.—5 Johns. Ch. R. 459, 466; Abbott's Forms, p. 573.

The judgment of the court below is reversed, and the cause is remanded. The said Ewing, appellee, will pay the costs of this appeal in this court and in the court below.

[NOTE BY REPORTER.—The following application for a modification of the foregoing opinion was made by appellees' counsel:]

Ewing had two distinct rights in this case—1st, as the purchaser and owner of the Shehan deed of trust; 2d, as the purchaser at the register's sale. It is obvious justice, and also decided law, that to a redemption, it is necessary that redemption should be had from both rights; and such redemption is accomplished by tendering the bid made at the purchase, and also the balance of the senior mortgage debt remaining after deducting the net proceeds of the bid remaining upon judgment of costs and expenses. The law is so settled in Gliddon v. Andrews, 14 Ala. 733. I do not suppose that the court intended to decide that there could

be a redemption upon the mere tender of the amount bid at the sale, but I fear the opinion is susceptible of that construction. I therefore respectfully request that the court set forth distinctly in the opinion, that in taking the account Ewing shall be allowed the amount of the net proceeds of the bid, and the balance of the mortgage debt.

PETERS, J.—I have carefully examined the application of the appellee, Ewing, for a modification of the opinion in this case, but I am not able to discover any necessity for it. Ewing is the owner of the decree in favor of Mrs. Shehan, and as such he is entitled, on redemption by Wiley, Banks & Co., to have the full amount of his debt, principal and interest, paid to him, up to the offer to redeem and tender, and his costs. He is also entitled, as purchaser at the register's sale, to the value of all permanent and useful repairs made by him upon the premises after his purchase at the register's sale and his possession under it, and prior to the offer to redeem and tender. 5 Johns. Ch. R. 459, 466. And Ewing should be charged with rents after the offer to redeem and tender.—*Powell v. Williams*, 14 Ala. 476. And if Wiley, Banks & Co. fail to pay Ewing his debt and costs, and for value of repairs, within the time that they shall be ordered to do so by the chancellor—a reasonable time to do so being allowed— then their bill should be dismissed with costs.—2 Abbott's Forms, p. 573.