## SHERWOOD et al. v. UNITED STATES.

(District Court, E. D. New York. April 17, 1925.)

I. **Internal revenue** ⬅⟶26—**Taxation** ⬅⟶509— Tax lien of United States held subordinate to mortgage lien, real estate taxes, and water charges, and purchasers at foreclosure were subrogated to mortgagees' rights.

Lien of United States for taxes due from purchasers from mortgagor was subordinate to purchase-money mortgage, real estate taxes, and water charges, and mortgagees who purchased property at foreclosure sale under judgment of state court were subrogated to all rights they had as mortgagees.

2. **Internal revenue** ⬅⟶26—**Tax lien of United States not extinguished by judgment in state court foreclosing mortgage.**

Tax lien of United States was not extinguished by judgment in state court foreclosing mortgage on premises.

3. **Internal revenue** ⬅⟶26—**District Court not empowered completely to extinguish United States tax liens, but merely to remove liens as cloud on title.**

Under Rev. St. § 3207, as amended by Revenue Act 1924, § 1030, District Court is not empowered to completely extinguish tax liens of United States on premises, but merely to provide for their removal as liens on premises on which they constitute cloud on title.

4. **Internal revenue** ⬅⟶26—**Cloud of United States tax lien on title of premises sold under judgment foreclosing mortgage by state court removable only by sale under decree of federal District Court.**

Under Rev. St. § 3207, as amended by Revenue Act 1924, § 1030, cloud of United States tax lien on title of premises sold under judgment of state court foreclosing prior mortgage can be removed only by sale of premises by marshal at public auction, under decree of federal District Court free and clear of liens, from proceeds of which, after allowing purchaser for payments for real estate taxes or water rates, mortgagee shall be paid mortgage debt with interest, etc., after which United States shall receive amount due on taxes with interest; any balance remaining going to mortgagees.

5. **Internal revenue** ⬅⟶26—**Assessments of taxes covered by notice of lien filed by United States conclusively presumed valid; costs of proceedings to determine all claims being on plaintiffs.**

Under Rev. St. § 3207, as amended by Revenue Act 1924, § 1030, subd. (b), assessments of taxes covered by notice of lien filed on behalf of United States are conclusively presumed valid and all costs of proceedings on petition

and bill by persons having interest in realty for final determination of claims must be borne by plaintiffs therein.

In Equity. Suit by John L. Sherwood and others, as permanent receivers of the Atlantic Dock Company, in voluntary dissolution, against the United States, brought by permission of court under Rev. St. § 3207, as amended by Revenue Act 1924, § 1030, to determine liens upon real property. Decree adjudicating plaintiffs' liens prior to tax liens of defendant.

Cullen & Dykman, of Brooklyn, N. Y. (Francis L. Durk, of Brooklyn, N. Y., of counsel), for plaintiffs.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., and Guy O. Walser, Asst. U. S. Atty., of New York City.

CAMPBELL, District Judge. This is an action in equity brought by permission of this court, after notice, under the provisions of section 3207 of the Revised Statutes of the United States, as amended by section 1030 of the Revenue Act of 1924 (43 Stat. 350), which reads as follows:

"'Sec. 3207. (a) In any case where there has been a refusal or neglect to pay any tax, and it has become necessary to seize and sell real estate to satisfy the same, the Commissioner of Internal Revenue may direct a bill in chancery to be filed, in a District Court of the United States, to enforce the lien of the United States for tax upon any real estate, or to subject any real estate owned by the delinquent, or in which he has any right, title, or interest, to the payment of such tax. All persons having liens upon or claiming any interest in the real estate sought to be subjected as aforesaid, shall be made parties to such proceedings, and be brought into court as provided in other suits in chancery therein. And the said court shall, at the term next after the parties have been duly notified of the proceedings, unless otherwise ordered by the court, proceed to adjudicate all matters involved therein, and finally determine the merits of all claims to and liens upon the real estate in question, and, in all cases where a claim or interest of the United States therein is established, shall decree a sale of such real estate, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

"(b) Any person having a lien upon or any interest in such real estate, notice of which has been duly filed of record in the jurisdiction in which the real estate is located, prior to the filing of notice of the lien of the United States as provided by section 3186 of the Revised Statutes as amended, or any person purchasing the real estate at a sale to satisfy such prior lien or interest, may make written request to the Commissioner of Internal Revenue to direct the filing of a bill in chancery as provided in subdivision (a), and if the Commissioner fails to direct the filing of such bill within six months after receipt of such written request, such person or purchaser may, after giving notice to the Commissioner, file a petition in the District Court of the United States for the district in which the real estate is located, praying leave to file a bill for a final determination of all claims to or liens upon the real estate in question. After a full hearing in open court, the District Court may in its discretion enter an order granting leave to file such bill, in which the United States and all persons having liens upon or claiming any interest in the real estate shall be made parties. Service on the United States shall be had in the manner provided by sections 5 and 6 of the Act of March 3, 1887, entitled 'An act to provide for the bringing of suits against the government of the United States.' Upon the filing of such bill the District Court shall proceed to adjudicate the matters involved therein, in the same manner as in the case of bills filed under subdivision (a) of this section. For the purpose of such adjudication, the assessment of the tax upon which the lien of the United States is based shall be conclusively presumed to be valid, and all costs of the proceedings on the petition and the bill shall be borne by the person filing the bill."

There does not seem to be any dispute as to the facts.

The Atlantic Dock Company was the owner of the premises in question, and on the 20th day of May, 1920, the then trustees, in pursuance of an order of the New York Supreme Court, conveyed the said premises to Rodney T. Martinsen for $625,000, the said conveyance was duly recorded, and on the same day the said Rodney T. Martinsen paid $225,000 in cash to the then trustees and executed and delivered to them his bond for the balance of $400,000, with interest thereon at the rate of 6 per cent. per annum, payable semiannually, the principal of said bond to be paid in sums of $50,000 each, on the 20th day of May, 1919, and the 20th day of May, 1920, and the balance on the 20th day of May, 1923; and also a purchase-money mortgage, which was duly recorded in said reg-

ister's office, covering the premises in question, and to secure the said sum with interest as provided in said bond, the said trustees being empowered to sell said premises in case of default in the payment of said principal sum or interest as therein provided.

Thereupon the said Rodney T. Martinsen conveyed said premises to the Ramberg Iron Works, the same being subject to said mortgage.

Default was made in the payment of the installment of principal which became due on May 1, 1920, and on or about the 2d day of December, 1921, the then receivers commenced an action in the state court for the foreclosure of said mortgage, alleging that there was due them on said bond and mortgage the sum of $308,000, with interest thereon at the rate of 6 per cent. per annum from June 1, 1921.

To this action all persons, firms, or corporations having any right, title, or interest in or lien on the premises, except the United States of America, were made parties defendant, and said action proceeded to judgment.

On a sale of the said premises, the then receivers, to protect their interest as such receivers, purchased the said premises and paid the sum of $28,391.43 for taxes and water charges, which were liens on the said premises, for which they were allowed credit on the purchase price on April 12, 1922.

That on such sale there arose a deficiency for which the then receivers recovered a deficiency judgment, which has never been paid, nor has any payment been made on account of the principal of or interest on said mortgage since the commencement of said action.

Since the then receivers became the purchasers of the said premises on said foreclosure sale, they have paid for taxes on said premises the following sums, on the following dates, to wit: $5,678.65 on May 31, 1923; $5,678.65 on November 28, 1923; $5,-968.50 on May 31, 1924; and $5,968.50 on November 29, 1924.

After the filing of the lis pendens in the foreclosure action in the state court and before the sale in that action, to wit, on the 30th day of December, 1921, there was filed in the office of the clerk of this court and in the office of the register of the county of Kings, by the collector of internal revenue for the First district of New York, on behalf of the United States of America, a notice of lien against the Ramberg Dry Dock & Repair Company, Inc., and the Ramberg Iron Works, Inc., for income, excess profit, and capital stock taxes, for a period commencing

5 F.(2d)—63

some years prior to that time, in the sum of $77,136.24, and thereafter on the 18th day of July, 1923, after the said receivers had acquired title to said premises on said foreclosure sale, the said collector of internal revenue, on behalf of the United States of America, filed a supplemental notice of lien against the same corporations, in the same offices, in the sum of $17,891.11.

These notices of lien are a cloud on the title of the plaintiffs in this action; the plaintiff Burchard Dutcher having succeeded George G. Dutcher, deceased, as receiver, by appointment of the state court on the 5th day of September, 1923.

No persons, firms, or corporations have or claim to have any right, title, or interest in or claim to said premises at this time except the plaintiffs and the United States of America.

This case is properly before this court, all the jurisdictional requirements having been complied with.

[1] The purchase-money mortgage, which was taken by the plaintiffs when the said premises were sold to said Martinsen, was prior in point of lien to the taxes for which the United States of America claim a lien on said premises, and the plaintiffs herein as purchasers at said foreclosure sale were subrogated to all the rights which they had as mortgagees.

[2, 3] The lien of the United States of America was not extinguished and concluded by the judgment of the state court in the action brought therein to foreclose said mortgage (United States v. Snyder, 149 U. S. 210, 13 S. Ct. 846, 37 L. Ed. 705), nor has this court, under the statute, section 1030 of the Revenue Act of 1924, supra, power to completely extinguish the lien of the taxes in question, but simply to provide for their removal as liens on the premises in question, on which they constitute a cloud on the title.

[4] The lien of the said taxes on the premises in question are subordinate to the said mortgage, and the real estate taxes and water charges levied on said premises, which have been paid by the receivers to protect the said premises covered by said mortgage, and constitute a cloud on the title; but inasmuch as the United States of America is not bound by the sale in the foreclosure action, the only way that said cloud can be removed is by a sale of the said premises under a decree of this court, by the marshal at public auction, free and clear, from the proceeds of which sale, after allowing the purchaser for any real estate taxes or water charges which may be liens on said premises at the time of

sale, which the purchaser shall pay and for which it shall present receipts, there shall be first paid to the plaintiffs the amount of the principal sum of said mortgage with interest, and the amounts which have been paid by them for real estate taxes and water charges with interest, or if they be the purchasers, by allowing the same as a credit on their bid. Second, if any balance of the proceeds shall remain after making such payment, there shall be paid to the United States of America the amount due to it for said taxes with interest, in whole or in part, so far as it may be possible. Third, if the proceeds of sale shall be in excess of the amount required to make payment in full of the amounts hereinbefore provided to be paid, firstly and secondly, the balance remaining shall be paid to the plaintiffs.

[5] Under the provisions of said section 1030 of the Revenue Act of 1924, supra, the assessments of the taxes covered by the notice of lien filed on behalf of the United States of America, as hereinbefore stated, are conclusively presumed to be valid, and all costs on the petition and the bill herein must be borne and paid by the plaintiffs.

The amounts to be first paid to plaintiffs from the proceeds of sale are as follows: Balance of principal sum of mortgage, $308,000, with interest thereon at the rate of 6 per cent. per annum from the 1st day of June, 1921; $28,391.43, paid for taxes and water charges, with interest thereon at the rate of 6 per cent. per annum from the 12th day of April, 1922; $5,678.65, paid for taxes, with interest thereon at the rate of 6 per cent. per annum from May 31, 1923; $5,678.65, with interest thereon at the rate of 6 per cent. per annum from November 28, 1923; $5,968.50, with interest at the rate of 6 per cent. per annum from May 31, 1924; and $5,968.50, with interest thereon at the rate of 6 per cent. per annum from November 29, 1924—amounting in all at the date of this opinion to $437,975.93, with interest at the rate of 6 per cent. per annum on the sum of $359,685.73 in addition thereto from the date of this opinion to the date of the payment of the amount due plaintiffs as aforesaid, in whole or in part, as may be warranted by the amount received on such sale or the crediting of the same on the plaintiffs' bid.

The amounts to be secondly paid to the defendant, if the proceeds of sale after making the payments hereinbefore provided to be first paid to the plaintiffs are sufficient to pay the defendant's lien in whole or in part, are the amounts set forth in the two notices of lien, to wit, $77,136.24 and $17,891.11, amounting in the aggregate to $95,027.35, with interest as set forth in said notices of lien.

The terms of sale to be 10 per cent. in cash at the time of sale, the balance in cash, or if the plaintiffs are the purchasers, by credit on the amount due them, on the delivery of the deed, not more than 30 days after the sale.

The purchaser to be allowed credit on the bid for all real estate taxes and water charges which may be liens on said premises, which it may pay and for which it may present receipts.

All cash received by the marshal to be paid into the registry of the court.

Notice of such sale shall be given by publication once a week for four successive weeks in two daily newspapers to be designated by the court in the decree.

Submit decree. Settle the same on notice.