## ORMSBEE v. UNITED STATES et al.

District Court, S. D. Florida.. January 14, 1928.

No. 58.

Internal revenue ☞26—Lien for income tax is subordinate to that of mortgage duly executed and recorded prior to record of tax lien, which is extinguished by sale of real estate under foreclosure of mortgage in federal court, with United States a party.

Lien of the United States for income taxes due from an owner of real estate is subordinate to the lien of a mortgage duly executed and recorded prior to record of the notice of tax lien and, on foreclosure of the mortgage in a federal court, with the United States made a defendant, the real estate may be sold free of the tax lien.

In Equity. Suit by A. A. Ormsbee against the United States and others. Decree for complainant.

The lien of the United States for income taxes due to the United States from the defendant, H. B. Yarborough, is subordinate to the lien of the mortgage, which was properly executed and recorded prior to the recordation of the notice of tax lien.

R. F. Burdine, of Miami, Fla. (R. P. Terry, of Miami, Fla., of counsel), for complainant.

William M. Gober, U. S. Dist. Atty., of Tampa, Fla., and Raymond F. Brown, of Miami, Fla., for the United States.

CLAYTON, District Judge. This is a suit in equity, wherein the United States was made a party defendant, for the purpose of adjudicating the priority of the mortgage lien of the complainant as against the tax lien of the United States. Permission of this court, after notice under the provisions of section 3207, Revised Statutes of the United States, as amended by section 1030 of the Revenue Act of 1924 (43 Stat. 350 [26 USCA § 136; Comp. St. § 5929]) was granted.

The facts are not in dispute. The defendant, H. B. Yarborough, on the 5th day of January, 1926, was the owner in fee of the real estate involved herein, and on that date executed and delivered to the complainant his real estate mortgage, creating a mortgage lien upon the premises described in the deed, in favor of the complainant, for the purpose of securing the payment of one promissory note, in the sum of $10,000, dated January 5, 1926, signed by said H. B. Yarborough, and payable to the order of the complainant, on or before three years after date, with interest at the Florida legal rate of 8 per cent. per annum, payable semiannually. The mortgage deed was recorded in Dade county, Fla., on the 5th day of January, 1926, as provided by the laws of the state of Florida.

On the 15th day of January, 1927, the United States filed for record in the office of the public recorder of Dade county, Fla., the notice of tax lien, for income tax which was then shown due to the United States by the defendant, H. B. Yarborough, in the sum of $19,282.87, with interest and penalties thereon as provided by the acts of Congress.

Default was made in the payment of the semiannual interest payment which fell due June 5, 1926, and the complainant instituted this suit for the foreclosure of his mortgage and the enforcement of his lien upon the real property.

The question before the court here is that of determining the priorities of the two respective liens herein involved; that is to say, the mortgage lien of the complainant and the tax lien of the United States, the mortgage lien of the complainant having been properly recorded prior to the filing and recording of the tax lien of the United States is superior to such tax lien, and, under a decree foreclosing said mortgage lien, the mortgaged premises may be sold free of such tax lien. See Sherwood v. United States (D. C.) 5 F.(2d) 991.

Upon sale of the mortgaged premises under the direction of this court and the confirmation of said sale, the proceeds derived therefrom shall be applied: (1) To the payment of costs of this suit, including expenses incurred in making the foreclosure sale; (2) to the payment of the sum of $1,180 as reasonable fee for complainant's solicitor for his services herein; and (3) to the payment of $11,615, the amount ascertained to be due to the complainant as principal and interest on the promissory note and mortgage herein described, together with interest thereon from the 20th day of December, 1927, and the further sum of $7 for an abstract of title, paid by the complainant, and which was necessary for the preparation and institution of this suit.

If, after making all the payments above set forth, there remains a surplus over from the proceeds of the sale, such surplus shall be deposited in the registry of this court, and, upon proper application, the United States shall be permitted to have such surplus, if any, or so much thereof as may be necessary for the satisfaction of the income tax lien.

A decree will be entered in accord with this opinion.