## ODEN v. UNITED STATES.

District Court, W. D. Louisiana, Shreveport Division. May 9, 1929.

No. 345.

Dimick & Hamilton, of Shreveport, La., for complainant.

Philip H. Mecom, U. S. Atty., and T. Overton Brooks, U. S. Com'r, both of Shreveport, La.

DAWKINS, District Judge. Petitioner has brought this proceeding, alleging that he is the owner of the south 175 feet of lot 64 of the Henderson-Davis subdivision, formerly of the town of Augurs, but now of the city of Shreveport, Caddo parish, La., with improvements thereon, and that there existed against said property a first mortgage with vendor's lien in favor of the American National Bank, with a balance due thereon of some $600, and that he (Oden) had a second mortgage on the property, recorded April 19, 1928, in Mortgage Book 167, page 373 of the records of said parish, that the United States government had recorded against said property a tax lien of $1,036.82 in Mortgage Book 174, page 444 of the records of said parish, and that there existed numerous other liens recorded against said property. He further alleges that the property had been sold under foreclosure process upon his second mortgage, and realized the sum of $1,500, which was insufficient to pay or satisfy the vendor's lien of the bank and the mortgage of petitioner, costs, etc., by several hundred dollars, and that he had receipted to the sheriff for the full amount, after deducting costs, and was holding the sum of $600 to satisfy the said first mortgage. He asked that the court rank and establish the liens of the various parties, including that of the government, and that the property be sold by the marshal and the proceeds distributed accordingly, or for such other equitable relief as he may be entitled to receive under the circumstances.

A motion to dismiss has been filed by the government, upon the ground that the petition states no cause of action. In the brief of the defendant, the basis for this exception seems to be that, since the plaintiff alleges the sale of the property under foreclosure of a mortgage superior in rank to the tax lien of the government, the legal effect was to cancel all prior incumbrances, and hence there is no necessity for a proceeding of this kind. However, I am of the view that the government's tax lien could not be canceled without a proceeding to which it was a party, and, so long as it remains upon the record, the same is an apparent cloud upon the title. Under the prayer for equitable relief in this matter, I shall treat this proceeding as in the nature of a rule to cancel the government's lien. It is conceded that the tax lien is inferior to the mortgages of the petitioner and the bank, and the property having been sold for more than enough to pay the first mortgage, but insufficient to satisfy petitioner, the latter was entitled to hold in his hands the funds to pay the first mortgage claimant according to its terms and to apply the balance to the satisfaction of his writ. The title to the property appears to have passed to petitioner under

the sheriff's adjudication. Hence I think the plaintiff is entitled to a decree ordering the cancellation of the government's lien in so far as it rests upon or affects the title to this particular property only, and that otherwise it should remain of record against any other property of the tax debtor. I shall not, of course, attempt to determine any other matter as between claimants or lienors who are not parties to this proceeding.

A decree in accordance with these views may be presented.