## MINNESOTA MUT. LIFE INS. CO. et al. v. UNITED STATES.

### No. 3302—537.

District Court, N. D. Texas, Dallas Division. March 3, 1931.

Locke, Locke, Stroud & Randolph, of Dallas, Tex., for complainants.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., and Wright Matthews, of Washington, D. C., for the United States.

ATWELL, District Judge.

All of the provisions mentioned by the two subdivisions of section 136, USCA, title 26, for the removal of a lien against real estate, have been complied with. The suit is justified by the permission therein given.

The proof shows that the lien of the United States upon the real estate described for income taxes is junior to the lien under which the plaintiffs claim. Prior to the fixing of the government lien the real estate was incumbered for the sum of $104,000, which now amounts to approximately $113,000. Disin-

terested qualified witnesses fix the present maximum value of the property to be between eighty-seven and ninety-five thousand dollars. Under no theory can it be asserted that there is any equity whatever for the defendants.

The holders of the superior lien foreclosed and this action is to remove the cloud from the title of the purchaser.

Notwithstanding the fact that the government could realize nothing on its claim from another sale, it is insisted that the act requires that course to be taken before the title of the purchaser is clean.

The controversy is not a matching of priorities. If that were true, the national government must prevail. County of Spokane v. U. S., 279 U. S. 80, 49 S. Ct. 321, 73 L. Ed. 621; U. S. v. Snyder, 149 U. S. 210, 13 S. Ct. 846, 37 L. Ed. 705. It is rather the harvesting of the crop in the order of fixing. The private creditor had made its contract with the debtor and had preserved its rights to priority in collection. This right of sale and contract is valuable and cannot be impaired by any subsequent act of the debtor or of the sovereign.

The last portion of subdivision (a) of section 136 provides: "Proceed to adjudicate all matters involved therein, and finally determine the merits of all claims to and liens upon the real estate in question, and, in all cases where a claim or interest of the United States therein is established, shall decree a sale of such real estate, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." The last part of subdivision (b) is that "upon the filing of such bill the district court shall proceed to adjudicate the matters involved therein, in the same manner as in the case of bills filed under subdivision (a) of this section." Subdivision (a) relates to actions by the United States to enforce a lien for tax upon real estate; and subdivision (b) relates to the removal of a lien fixed by the United States. The proceedings in either case are at equity. The chancellor is directed to "adjudicate all matters involved therein," and to "finally determine the merits of all claims to and liens upon the real estate in question, and, in all cases where a claim or interest of the United States therein is established," he shall order a sale with proper distribution.

Manifestly a court of equity is not directed to do a useless and vain thing. In re Hawkins Mortg. Co., 45 F.(2d) 940. If, after having had a full and complete hearing, there is nothing in the property for the United States, then and in that event it should be so decreed.

The latter part of the section was in the interest of the citizen. Tax liens are being constantly fixed. It would be cumbersome and costly to require the prior lienholder to seek a remedy at the seat of national government. To avoid this, a general permission, within the terms of the statute, was given, and the national chancery court was given jurisdiction to make the inquiry and decree the result. If the act meant that the court should find that the citizen's claim was senior, and that the property against which it ran was wholly insufficient to pay it, but that a sale must be ordered regardless of such showing, the citizen would have a depletion of his just amount regardless of real equities, since the statute requires that "all costs of the proceedings * * * shall be borne by the person filing the bill."

The labor of the chancellor would be vain because the layman could very easily determine the question of priority from the record itself, and the amount of each debt, as well as the value of the property.

The Congress vested in the court the power to go into all of the matters and to say whether there was anything in the property for the United States. If not, then the decree would so show, and the flaw in the title would be removed. A sale, whether useless or useful, does not remove clouds. They are judicially dissipated.

There is nothing in the case of Ormsbee v. United States (D. C.) 23 F.(2d) 926, or, Sherwood v. United States (D. C.) 5 F.(2d) 991, or, Oden v. United States (D. C.) 33 F.(2d) 553, to the contrary. In the last case Judge Dawkins held that a petition to cancel a government tax lien inferior in rank to a mortgage and vendor's lien, alleging that the proceedings were insufficient to discharge the lien and the prior mortgage, stated a cause of action in equity for the cancellation of the government lien. Judge Campbell, in the Sherwood Case, outlined the statute that we are considering, and then held that a lien of the United States could not be extinguished by a judgment in a state court, brought to foreclose a prior mortgage, and that a sale must be had under this statute in order that the funds realized therefrom could be prorated, as therein provided; while Judge Clayton, in the Ormsbee Case merely held that a lien of the United States for income taxes was subordinate to a mortgage duly executed and recorded prior to the rec-

ord of the tax lien, and that upon a foreclosure of the mortgage in the federal court, with the United States as a defendant, the real estate would be sold free of the tax lien. I am not sure of the correctness of Judge Clayton's decision since section 136 may be exclusive.

The decree will not extinguish the lien against anything else that the debtor may acquire, nor does it extinguish the debt. It merely removes the cloud from the particular real estate described in this suit because the value thereof is very much less than the prior lien owned by the plaintiffs, and there is and would be no equity for the junior lienholder, to wit, the United States.

Decree for the plaintiffs.