WHITE *v.* FULTON.

1. CHATTEL MORTGAGES—FORECLOSURE—RECEIVERS.

On foreclosure of chattel mortgage covering stock, implements, etc., on large farm, evidence *held,* to show no emergency justifying appointment of receiver to sell same.

2. MORTGAGES—FORECLOSURE—CARE OF ORCHARD—RECEIVERS.

On foreclosure of mortgage on large farm, care and maintenance of large orchard, *held,* not to warrant appointment of receiver.

3. SAME—PRINCIPAL AND AGENT—ACCOUNTING.

Where owner of farm held son out as having almost unlimited authority, son had apparent authority to make agreement engaging mortgagee to manage orchard at owner's expense, and therefore on foreclosure of mortgage accounting under said agreement was properly allowed.

Appeal from Antrim; Gilbert (Parm C.), J. Submitted June 15, 1932. (Docket No. 144, Calendar No. 36,484.) Decided October 3, 1932.

Bill by Lysle H. White against George D. Fulton, Rebecca Winner, and Cecil A. Winner to foreclose a purchase-money mortgage, appointment of a receiver, and for an accounting. Decree for plaintiff. Defendant Rebecca Winner appeals. Modified, and affirmed.

*J. M. Harris,* for plaintiff.

*John G. Anderson* and *F. E. Wetmore,* for defendant Rebecca Winner.

CLARK, C. J. Defendants have appealed from decree of foreclosure of mortgage of $50,000 covering a farm of 3,600 acres in Antrim county, and also covering stock, implements, etc., on the farm.

On right of mortgagor to appointment of receiver, see annotation in 26 A. L. R. 33; 36 A. L. R. 609; 55 A. L. R. 533.

There is no question on the foreclosure itself, but incidental questions are raised.

· 1. *Receiver.* The court appointed a receiver to sell the personal property, to take charge of the farm, to care for a large orchard thereon, and to market produce. With respect to the foreclosure of a chattel mortgage, it is said in 11 C. J. p. 726:

"A receiver will not be appointed pending a suit to foreclose, where the mortgagee has an adequate remedy at law, or where it is not apparent that the rights of any person in interest are in jeopardy, because the appointment of a receiver is an extraordinary remedy, to be resorted to only in cases of emergency."

A review of the facts shows no emergency justifying a receiver to sell the personal property. The situation disclosed is that usually found by chattel mortgagees who would foreclose a mortgage on farm chattels. Approval of receivership here would make precedent for like appointment in most of such cases, hence we must decline approval.

Receivership of the farm is sought to be justified on the ground of husbandry, chiefly, the care and maintenance of the farm orchard. This might be urged in the foreclosure of any farm mortgage. There is always the question of good husbandry, the care of soil, orchard, buildings, etc., in effect, the preservation of security. The difference is not in principle, but in degree, this being an unusually large farm.

Under 3 Comp. Laws 1929, § 14956, and following *Hazeltine* v. *Granger*, 44 Mich. 503, as was said in *Nusbaum* v. *Shapero*, 249 Mich. 252, where the matter was discussed fully:

"The law is well settled in this State that, as a rule, a mortgagee may not divest the mortgagor of

possession of mortgaged premises until the title thereto shall have become absolute upon foreclosure of the mortgage.''

We have held quite consistently that in cases such as this a mortgage cannot be so enforced in equity as to deprive the mortgagor of possession until title upon foreclosure shall have become absolute.

Accordingly, the decree must be modified to eliminate receivership.

2. *Accounting.* With foreclosure an accounting was had under an agreement between plaintiff and defendant Rebecca Winner, the owner, by Cecil Winner, her son, by which plaintiff was engaged to manage the orchard and to market certain products, this to be at expense of said defendant, who was to have benefit of all gain. There was no gain. There was large loss. Accounting under the agreement is resisted on the ground that defendant Cecil Winner had no authority to make the agreement. While defendant Rebecca Winner owned the farm, the farm stationery named both as owners. Mrs. Winner in many ways and over a period of time held her son out as having almost unlimited authority. He had apparent authority to make the agreement in question, as the trial judge rightly held.

No question is presented on this record of the correctness of the account. The decision of the trial court therefore is sustained.

3. The list of chattels found by the trial court to be covered by the chattel mortgage is criticized. The record is meager in this regard and error is not made to appear.

No other matter calls for discussion.

The decree, so modified, is affirmed, with costs to appellants. Cause remanded.

McDonald, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred. Potter, J., did not sit.