### METROPOLITAN LIFE INS. CO. v. UNITED STATES.
#### No. 8264.

Circuit Court of Appeals, Sixth Circuit.
Nov. 14, 1939.

Harold R. Smith, of Detroit, Mich., and George E. Walton, of New York City, for appellant.

Wm. B. Waldo, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and Wm. B. Waldo, Sp. Assts. to Atty. Gen., and John C. Lehr and J. Thomas Smith, both of Detroit, Mich., on the brief), for appellee.

Before ALLEN, HAMILTON, and ARANT, Circuit Judges.

HAMILTON, Circuit Judge.

During the years 1929 and 1930, appellant, an insurance corporation organized under the laws of the State of New York, by assignment acquired three mortgages, upon separate parcels of real estate, located in Detroit, Michigan. Each mortgage contained an acceleration clause and a provision which gave the mortgagee the right to sell the premises in event of default, with the King-Kelly Corporation as debtor. The mortgage assignments and conveyances were duly recorded.

On August 17, 1932, prior to foreclosure, an assessment for corporation income taxes for the year 1930 was made against the King-Kelly Corporation and the United States acquired a valid and subsisting lien on its property pursuant to the Revenue Act of 1928, chap. 852, § 613, 45 Stat. 791, 26 U.S.C.A. §§ 1560–1567.

On default, appellant declared the entire indebtedness due, and pursuant to power of sale, prescribed by Sections 14425–14444, inclusive, of the Compiled Laws of Michigan for 1929 (Mich.Stat.Ann. Vol. 21, Secs. 27.1221–27.1240), the properties were publicly sold on September 12, 1934, for a sum insufficient to satisfy the mortgage indebtedness, appellant becoming the purchaser. The government was not a party to the proceedings and neither consented to nor ratified the sale.

On March 17, 1936, appellant instituted this action under the provisions of Section 3207 of the Revised Statutes, 26 U.S.C.A. §§ 1568, 1569, asking that the lien, if any,

ARANT, Circuit Judge, dissenting.

theretofore held by the United States on the property be decreed extinguished by reason of appellant's sale and purchase of it.

The District Court held the tax lien of appellee was not thus extinguished but was inferior to the appellant's mortgages and ordered the property sold and the proceeds first applied to appellant's claims and the balance, if any, paid to appellee. From this decree appellant appeals.

■ The government has plenary power over the property of taxpayers to collect taxes and is in no wise subject to state laws. Fink v. O'Neil, 106 U.S. 272, 285, 1 S.Ct. 325, 27 L.Ed. 196. The statutes governing the collection of taxes are broad and comprehensive. By 26 U.S.C.A. § 115 (see 26 U.S.C.A. § 1560) taxes are a lien "upon all property and rights to property whether real or personal" belonging to the taxpayer.

■ The lien of the government attaches to all of the property in possession of the taxpayer to the extent of his interest in and rights thereto, depending upon contracts and unexecuted instruments and relates back to the date of the refusal to pay the tax after demand and, "unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C.A. § 1561.

■ Since the Federal Statutes do not define the term "property" or the rights attaching thereto, we must turn to the state law for their meaning. Poe v. Seaborn, 282 U.S. 101, 118, 51 S.Ct. 58, 75 L.Ed. 239.

■ Appellant insists that its right to sell the premises in default of its mortgages was a right in property which it had purchased and which could not be impaired by the tax lien of the government. The fallacy of this contention is readily apparent when appellant concedes, as it does, that the taxpayer-mortgagor had an interest in the property at the time the lien of the United States attached.

Appellant, mortgage creditor of the taxpayer-mortgagor, did not acquire title to the lands in lien to it until their sale in 1934. Dawson v. Peter, 119 Mich. 274, 77 N.W. 997; White v. Fulton, 260 Mich. 346, 244 N.W. 498, and at the time the lien of the United States was perfected on the interest of the mortgagor in the land,

the latter had title to and an interest in the property. Kollen v. Sooy, 172 Mich. 214, 137 N.W. 808.

■■ The statute imposing a lien for federal taxes is derived from the Act of July 13, 1866 (R.S. § 3186) and since that time has been in substantially the same form. From a study of it and derivatives, it is certain that no policy of the states may interfere with the power of Congress to levy and collect taxes. Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77 L.Ed. 199; United States v. Snyder, 149 U.S. 210, 214, 13 S.Ct. 846, 37 L.Ed. 705. The Federal statutes create specific liens for taxes and as a corollary give a specific remedy for their removal and when such liens once attach, they may be lifted only as provided thereunder.

Under the provisions of R.S. § 3207 (26 U.S.C.A. § 136, re-enacted as Section 1127 of the Revenue Act of 1926, 26 U.S.C.A. §§ 1568, 1569) any person having a lien upon real estate which was recorded prior to the filing of the notice of the United States tax lien or any person purchasing real estate at a sale to satisfy such antecedent lien, may file a bill in chancery in the District Court for the removal of the tax lien. As conditions precedent, the plaintiff must obtain an order of the District Court for filing and must show a written request of six months or more to the Commissioner of Internal Revenue to file a bill in chancery to enforce the government's lien.

In all such cases where a claim or interest of the United States in the property is established, the court "shall decree a sale of such real estate, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." 26 U.S.C.A. § 1568.

■ The jurisdiction of Federal District Courts is limited not only by the Constitution (U.S.C.A. Const. art. 3, § 2, cl. 1), but also by the Acts of the Congress (Jud. Code § 24, 28 U.S.C.A. § 41), and where the latter, in conferring it, points out the manner in which it shall be exercised, only that method expressly or impliedly conferred may be followed. Michaelson et al. v. United States ex rel., etc., 266 U.S. 42, 71, 45 S.Ct. 18, 69 L.Ed. 162, 35 A.L.R. 451; Kline v. Burke Construction Company, 260 U.S. 226, 235, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Ex parte Robinson, 19

Wall. 505, 22 L.Ed. 205; Aetna Life Insurance Company v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000.

The United States as a sovereign may be sued only with its consent. It follows that the Congress has the power to prescribe not only the methods by which and the conditions under which tax liens on real estate may be released but also to limit the right to sue therefor and no suit may be maintained against the United States for such purpose unless strictly within the terms of the Statute (Jud. Code § 24(20), 28 U.S.C.A. § 41(20), under which consent is given. Banco Mexicano, etc. v. Deutsche Bank, 53 App.D.C. 266, 289 F. 924, affirmed in 263 U.S. 591, 44 S.Ct. 209, 68 L.Ed. 465; Rand v. United States, 249 U.S. 503, 510, 39 S.Ct. 359, 63 L.Ed. 731; Price v. United States & Osage Indians, 174 U.S. 373, 379, 19 S.Ct. 765, 43 L.Ed. 1011; United States v. Michel, 282 U.S. 656, 660, 51 S.Ct. 284, 75 L.Ed. 598; Tucker v. Alexander, 275 U.S. 228, 232, 48 S.Ct. 45, 72 L. Ed. 253.

The right of the plaintiff to a release of the lien here in question is purely statutory and the jurisdiction of the Court may not be enlarged by implication. The question to be determined is not what binding effect the power of sale conferred by the mortgage had on subsequent lienors, and it matters not what may seem to the Court equitable in the premises. Appellant's action was predicated on the theory that the United States had some sort of lien on the premises which it was seeking to lift in accordance with the terms of the Statute. Since the statute does not expressly or impliedly give the Court power to discharge the lien by decree, the only statutory method by which it may be done is sale. The decree of the District Court is affirmed.

ARANT, Circuit Judge (dissenting).

The lien of the United States involved herein was based upon an income tax, not a property tax, and attached only to "property and rights to property, whether real or personal, belonging to" the tax debtor. R. S. Sec. 3186, U.S.C., title 26, Sec. 1560, 26 U.S.C.A. § 1560. Since the tax debtor's interest was subject to appellant's mortgage when the tax claim accrued, the majority concedes that the tax lien upon the property involved herein was subordinate to appellant's mortgage. See 5 Paul and Mertens Law of Federal Income Taxation, Sec. 47.-51.

I am in general accord with the view of the majority as to the plenary nature of the federal power of taxation. However, I cannot concede that this power enables the United States to acquire a lien upon any greater property interest than its tax debtor owns. In the case at bar, the interest of the tax debtor was subject to destruction by exercise of the power of sale. While Michigan statutes recognize the validity of such a power, it was not conferred by statute but was created by contract. Had a statute conferred the power, however, I do not understand the majority to suggest that it would have been unconstitutional as an interference with the federal power of taxation. On the contrary, it expressly concedes that the extent of the property interest of a tax debtor is dependent upon state law. The conclusion is inescapable, therefore, that the tax lien attaches only to the destructible interest that remains in a mortgagor after execution of a mortgage with a power of sale.

If a mortgage contains no power of sale, it is generally recognized that the interest of the mortgagor can be extinguished only by a judicial foreclosure, and this, except in a few states, saves to the mortgagor a right of redemption. If a junior encumbrancer is not made a party to the foreclosure in such a case, he may thereafter redeem or foreclose. Walker v. Fisher, 117 Mich. 72, 75 N.W. 144; Sherman v. Fisher, 138 Mich. 391, 101 N.W. 572; Wiley v. Ewing, 47 Ala. 418; Jones v. Williams, 155 N.C. 179, 71 S.E. 222, and note in 36 L.R.A.,N.S., 426.

The question here presented is whether, the period of redemption allowed the mortgagor having expired, it is essential to the extinguishment of a subordinate tax lien that there be a judicial foreclosure to which the United States consents to be made a party, when the mortgagor, by granting a power of sale, has consented that his interest be extinguished without such a proceeding.

The extent of the interest that remains in a property owner, who executes a mortgage with a power of sale, does not depend upon the nature of the junior encumbrance. If, when a power of sale has been exercised, a junior encumbrancer has a greater

right than has the mortgagor himself, the mortgagor can practically destroy the value of the power he has conferred by the creation of a subsequent encumbrance.

I cannot believe that the benefit conferred by a power of sale is so unsubstantial. I am of the opinion that an owner of unencumbered property can empower a mortgagee to extinguish, without resort to a judicial proceeding, his interest as well as those of subordinate encumbrancers; and the inclusion of a power of sale in a mortgage effectively manifests an intent to bestow such a power. From the execution of such a mortgage, it follows, in the absence of a statute providing for a right of redemption, that the mortgagor is incapable of subsequently creating any subordinate encumbrance that will not be extinguished by an exercise of the power of sale. Courts have generally so held where the junior encumbrance is a mortgage. Vines v. Wilcutt, 212 Ala. 150, 102 So. 29, 35 A.L.R. 1301; Lowe v. Grinnan, 19 Iowa 193; Bancroft v. Ashurst, 2 Grant Cas., Pa., 513; Mutual Loan and Banking Co. v. Haas, 100 Ga. 111, 27 S.E. 980, 62 Am.St.Rep. 317; Felgner's Adm'rs v. Slingluff, 109 Md. 474, 71 A. 978; Tolleson v. Nobles, Tex.Civ.App., 152 S.W. 850; II Wiltsie on Mortgage Foreclosure, 4th Ed., Sec. 776, p. 1012. Section 14434 of the Compiled Laws of Michigan for 1929 (Mich.Stat.Ann. Vol. 21, Sec. 27.1230) requires a like holding after expiration of the statutory period for redemption, as to all subordinate liens. See Swarthout v. Shields, 185 Mich. 427, 152 N.W. 202.

If the mortgagor who grants his mortgagee a power of sale is without power to create a subordinate lien that will not be extinguished by exercise of the power of sale, such a lien cannot be acquired by operation of law. See Jackson v. Lawrence, 117 U.S. 679, 6 S.Ct. 915, 29 L.Ed. 1024. No attribute of sovereignty of the United States can increase the interest of a property owner. See Trust Co. of Texas v. United States, D.C., 3 F.Supp. 683.

If any interest of the tax debtor survived the exercise of the power of sale, the conclusion of the majority could be accepted. But the interest of the tax debtor, to which the lien had attached, was extinguished when the property was sold for less than the claim of the mortgagee. Let us suppose a tax debtor owned an estate in fee, subject to a condition subsequent, and, after a tax lien attached, the condition occurred which terminated his estate. All his interest having thus been extinguished, is the tax lien thereafter existent and enforceable? Unless the Congress has power to take the property of one person to pay the tax debt of another, this question must be answered in the negative. But even if Congress has such a power, I am nevertheless of the opinion that it had no intent to exercise it when it provided that a tax lien should attach merely to "property and rights to property, whether real or personal, belonging to" a tax debtor.

The position of the majority is that Congress, by 26 U.S.C.A. § 1561, has prescribed the exclusive methods by which a lien in favor of the United States may be extinguished, i. e., by satisfaction or lapse of time. Again let us suppose that the sole property of a tax debtor is a building upon the land of another, and that, after the tax lien has attached, the building is totally consumed by fire. The position of the majority appears to be that, despite the practical difficulties involved in thereafter enforcing the lien, it nevertheless continues to exist, since it has never been removed by any method prescribed by the statute.

The majority opinion attaches great weight to the procedural difficulties entailed by the attribute of sovereignty. No one would assert that this suit can be maintained without the consent of the government, but its waiver of its immunity from suit seems clear from Section 3207 (b), 26 U.S.C.A. § 1569, which permits any person having a lien upon or any interest in realty prior to the filing of notice of a tax lien "to file a bill for a final determination of all claims to or liens upon" such realty. The District Court found, and I do not understand either the majority or the appellee to deny, that appellant has complied with all the conditions specified in Section 3207 (b). If, under these circumstances, this statute does not expressly authorize the District Court to decree that a tax lien of the United States has been extinguished, its implications to that effect are inescapable. See Trust Co. of Texas v. United States, supra. I am in complete accord with the majority's view that Section 3207 does not empower a District Court to remove a lien in favor of the United States by decree if a valid lien exists. But the question here presented is not how an existing lien can be removed,

but whether a lien that once existed had not already been extinguished as to the land involved herein. I am of the opinion that, when Congress provided that a prior lienor might "file a bill for a final determination of all claims to or liens upon" a property interest involved, it thereby not only waived the government's immunity from suit, but also authorized the District Court to determine whether or not a lien exists in favor of the United States. Trust Co. of Texas v. United States, supra; Minnesota Mutual Life Ins. Co. v. United States, D.C., 47 F.2d 942; Oden v. United States, D.C., 33 F.2d 553. But see Sherwood v. United States, D.C., 5 F.2d 991. Compare Ormsbee v. United States, D. C., 23 F.2d 926, and see Annotation 105 A.L.R. 1244, 1260 et seq.

The majority asserts that the question whether the tax lien was extinguished is not open for determination in this proceeding. But, since Section 3207 (a), 26 U.S.C.A. § 1568, authorizes a sale of property only "where a claim or interest of the United States therein is established," the order of the District Court, which the majority affirms, necessarily assumes—in fact, the District Court expressly held—that the tax lien has not been extinguished.

If my view that the tax lien was extinguished by the mortgagee's sale of this land is correct, the District Court had no authority under Section 3207 (a) to order its resale.

In conclusion, it should be observed that the effect of the majority's view is to render it impossible for any prior lienor to institute a proceeding under Sec. 3207 (b), 26 U.S.C.A. § 1569, without thereby conceding the present validity of any lien in favor of the United States, of which the required notice was filed. It does not concede to the District Court the power to remove a cloud upon title in the form of a record lien. I believe this power to have been contemplated by the Congress and, in view of the authority it conferred upon the Court to make "a final determination of all claims * * * or liens" and decree a sale only "where a claim or interest of the United States * * * is established," I am of the opinion that the appellant is entitled to a decree that the government's former lien upon this property has been extinguished. Trust Co. of Texas v. United States, supra.