**UNITED STATES of America, Appellant,**

v.

**BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, a national banking association, Appellee.**

**No. 16034.**

United States Court of Appeals Ninth Circuit.

Feb. 2, 1959.

Rehearing Denied May 1, 1959.

Charles K. Rice, Asst. Atty. Gen., Helen A. Buckley, Lee A. Jackson, A. F. Prescott, George F. Lynch, Attorneys, Department of Justice, Washington, D. C., Lloyd H. Burke, Robert H. Schnacke, U. S. Attys., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellant.

Samuel B. Stewart, George Chadwick, Jr., Eldon C. Parr and Kenneth M. Johnson, San Francisco, Cal., for appellee.

Before HEALY and CHAMBERS, Circuit Judges, and JAMESON, District Judge.

JAMESON, District Judge.

Appellee was the owner and holder of a deed of trust and two chattel mortgages executed on February 13th and April 9th, 1953, covering property of Sierra Wood Products Corporation. In February and April, 1954, appellant filed notices of lien for unemployment withholding taxes owed by this corporation. Upon default in the performance of the obligations secured by the deed of trust and chattel mortgages, appellee foreclosed the trust deed pursuant to power of sale therein contained and the chattel mortgages pursuant to a pledgee's power of sale and the provisions of the chattel mortgages. It was stipulated that all "necessary and proper procedures" for these foreclosures "were duly performed," and the property was sold at public auction on March 15th, 1956. No actual notice of the sale was given appellant, and no request for notices of sales or default was filed for record as provided in Cal.Civ.Code, § 2924(b).[1]

On May 3, 1957, appellee instituted this action to quiet title in the Superior Court of the State of California, in and for the County of Calaveras. Appellant removed to the United States District Court for the Northern District of California, Southern Division, pursuant to 28 U.S.C.A. § 1444. Both parties filed motions for summary judgment. The District Court granted the motion of appellee and entered judgment decreeing the liens of the United States extinguished.

Two contentions were advanced by appellant: (1) that the District Court lacked jurisdiction; and (2) assuming jurisdiction, the court erred in holding that a junior federal tax lien may be extinguished by a non-judicial sale by a mortgagee under a contractual power of foreclosure.

The California Constitution conferred jurisdiction of the subject matter upon the Superior Court of Calaveras County.[2] By 28 U.S.C.A. § 2410, the United States consented to be sued in the State Court.[3] The District Court acquired jurisdiction upon removal pursuant to 28 U.S.C.A. § 1444.[4]

It is true, as the Government contends, that Section 2410 does not confer jurisdiction upon district courts to entertain quiet title actions, but simply waives sovereign immunity from suit.[5] Nor may federal jurisdiction be predicated merely on the fact that the United States

---

1. This section provides for filing request for a copy of notices of default and sale under deed of trust with power of sale and for mailing copy of such notices to person filing request.

2. "The superior court shall have original jurisdiction in all civil cases and proceedings (except as in this article otherwise provided * * *)

　　*　　*　　*　　*　　*

"* * * all actions for the recovery of the possession of, quieting title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated. * * *" Article VI, Sec. 5.

3. "Under the conditions prescribed in this section and section 1444 of this title

* * * the United States may be named a party in any civil action or suit * * * in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien." § 2410(a).

4. "Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." § 1444.

5. Wells v. Long, 9 Cir., 1947, 162 F.2d 842; Seattle Association of Credit Men v. United States, 9 Cir., 1957, 240 F.2d 906.

is a party.[6] Here, however, the state court in which the action was instituted had jurisdiction, and appellant invoked jurisdiction in the federal courts by removal.

Appellant contends that the remedy provided in Section 7424, Int.Rev.Code of 1954 [7] is the exclusive method of clearing title to property covered by a federal tax lien. This section provides that the holder of a prior lien or interest of record "or any person purchasing the property at a sale to satisfy such prior lien or interest," may make written request to the Secretary or his delegate to authorize the filing of a civil action as provided in Section 7403.[8] If suit is not authorized within six months, "such person or purchaser" may file a petition in a United States District Court for leave to file a civil action for a final determination of all claims to or liens upon the property. After a full hearing, the district court "may in its discretion" enter an order granting leave to file such civil action, in which the United States and all persons having liens upon or claiming any interest in the property shall be made parties.

28 U.S.C.A. § 2410 [9] specifically provides that the United States may be named as a party defendant in an action to quiet title or foreclose a mortgage on which the United States has a mortgage "or other lien." It provides in subsection (d) that the holder of a lien upon property on which the United States has a "junior lien, other than a tax lien" may make written request to have the lien ex-

tinguished in the same manner as a tax lien. This provision in subsection (d) clearly implies that subsections (a), (b) and (c) are general in nature and include tax liens.

Under Section 2410 as originally enacted in 1931, the United States gave the holder of a mortgage on real property, subject to a government lien, an additional remedy by consenting to be made a defendant in a suit to foreclose the mortgage. The provisions of the 1931 Act were expanded in 1942 to include actions to quiet title to real and personal property and actions to foreclose liens on personal property.[9]

The provisions of Section 7424, Int. Rev.Code of 1954, were first enacted in Section 1030, Int.Rev.Code of 1924, and re-enacted in Section 1127 of the Revenue Act of 1926 and Section 3679, Int. Rev.Code of 1939. The Codes of 1939 and 1954 both contained express cross-references to Section 2410.[10] It is our conclusion that Section 7424, Int.Rev. Code of 1954 and Section 2410 of Title 28 prescribe alternative remedies for removal of a federal tax lien.

In addition, administrative procedures are set forth in Section 6325, Int.Rev. Code of 1954,[*] whereby the Secretary of the Treasury or his delegate may release the lien where the liability is satisfied, a bond is furnished, or the interest of the United States is determined to have no value.

Appellee here proceeded under Section 2410 of Title 28. It contends that the tax

---

6. Wells v. Long, 9 Cir., 1947, 162 F.2d 842.

7. 26 U.S.C.A. § 7424.

8. 26 U.S.C.A. § 7403, which provides for civil action in a district court of the United States to enforce federal tax liens.

9. The provisions of Section 2410 were originally enacted as the Act of March 4, 1931, c. 515, 46 Stat. 1528; expanded by the Act of Dec. 2, 1942, c. 656, 56 Stat. 1026; and the present law enacted by Act of June 25, 1948, c. 646, 62

Stat. 869, and amended by Act of May 24, 1949, c. 139, § 119, 63 Stat. 105.

10. Section 3680 of 1939 Code and Section 7425 of 1954 Code, which reads: "(5) For provisions permitting the United States to be made party defendant in a proceeding in a State court for the foreclosure of a lien upon real estate where the United States may have claim upon the premises involved, see section 2410 of Title 28 of the United States Code."

* 26 U.S.C.A. § 6325.

lien was extinguished by the sale held under the power of sale in the trust deed and chattel mortgages, and that this action merely seeks to quiet title to property upon which the lien has already been extinguished. The Government contends that Section 2410 requires a judicial sale, relying upon the provisions of subsection (c), which contemplate a "judicial sale" on foreclosure, give the United States, in case of real property, one year within which to redeem, and provide that the United States may ask by way of affirmative relief for foreclosure of its own lien.[11] The Bank argues that subsection (c) relates only to foreclosure actions and not to quiet title actions.

The federal tax lien here involved was created by Section 3670, Int.Rev.Code of 1939 (Section 6321 of 1954 Code) which provides that "if any person liable to pay any tax neglects or refuses to pay the same after demand, the amount" (with interest, penalty and costs) "shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Section 3670 "creates no property rights but merely attaches consequences, federally defined, to rights created under state law." [12] "However, once it has been determined that state law creates sufficient interests * * * to satisfy the requirements of § 3670, state law is inoperative to prevent the attachment of liens created by * * * the United States."[13] And, as this Court said in Bank of Nevada v. United States, 1957, 251 F.2d 820, 824, certiorari denied

356 U.S. 938, 78 S.Ct. 780, 2 L.Ed.2d 813, "The Supreme Court has repeatedly tax liens and the provisions for their collection are strictly Federal and strictly statutory."

The federal tax lien attached to "all property and rights to property" belonging to the taxpayer. The interest of a and emphatically stated that Federal taxpayer at the time the liens attached was subject to defeasance under state law upon exercise of power of sale contained in the deed of trust.[14] But can a federal tax lien upon a mortgagor's interest in property be extinguished by the exercise of such a power of sale?

There is a conflict of authority on this question. Metropolitan Life Ins. Co. v. United States, 6 Cir., 1939, 107 F.2d 311, certiorari denied 310 U.S. 630, 60 S.Ct. 978, 84 L.Ed. 1400, tends to support the Government's position. There, a suit was brought under R. S. § 3207, a predecessor of Section 7424, asking that a junior federal tax lien be decreed extinguished by reason of a sale of property pursuant to a power contained in the mortgage. The District Court held that the Government's lien had not been extinguished and ordered the property sold and the proceeds first applied to the mortgagee's claims and the balance, if any, paid to the Government. The Court of Appeals affirmed on the theory that the District Court had no jurisdiction to extinguish the lien other than by judicial sale, and said that the question was not "what binding effect the power of sale conferred by the mortgage had on

11. Section 2410(c) reads in part: "A judicial sale in such action or suit shall have the same effect respecting the discharge of the property from liens and encumbrances held by the United States as may be provided with respect to such matters by the local law of the place where the property is situated. * * * Where a sale of real estate is made to satisfy a lien prior to that of the United States, the United States shall have one year from the date of sale within which to redeem. In any case where the debt owing the United States is due, the

United States may ask, by way of affirmative relief, for the foreclosure of its own lien * * *."

12. United States v. Bess, 1958, 357 U.S. 51, 57, 78 S.Ct. 1054, 1057, 2 L.Ed.2d 1135.

13. Id. 357 U.S. at pages 56, 57, 78 S.Ct. 1057, 1058. See also Fidelity & Deposit Co. v. New York City Housing Auth., 2 Cir., 1957, 241 F.2d 142, 144.

14. Carpenter v. Smallpage, 1934, 220 Cal. 129, 29 P.2d 841; Streiff v. Darlington, 1937, 9 Cal.2d 42, 68 P.2d 728.

subsequent lienors." However, it is evident from the opinion that the court did not consider the lien extinguished. The court stated that "Federal statutes create specific liens for taxes and as a corollary give a specific remedy for their removal and when such liens once attach, they may be lifted only as provided thereunder." 107 F.2d at page 313. "The United States as a sovereign may be sued only with its consent. It follows that the Congress has the power to prescribe not only the methods by which and the conditions under which tax liens on real estate may be released but also to limit the right to sue therefor and no suit may be maintained against the United States for such purpose unless strictly within the terms of the Statute * * *, under which consent is given." 107 F.2d at page 314.[15]

On the other hand, the Fifth Circuit in United States v. Boyd, 1957, 246 F.2d 477, certiorari denied 355 U.S. 889, 78 S.Ct. 261, 2 L.Ed.2d 188, held that the non-judicial foreclosure of a mortgage lien pursuant to a valid power of sale extinguished a federal tax lien which was inferior to the mortgage lien, and the able trial judge held for appellee on the basis of this decision. In United States v. Boyd, the court said: "The result is that when a mortgage has been validly foreclosed by a non-judicial sale under a power, it is the consequence of such prior lien and the right of enforcement under it which destroys the junior encumbrance whether it be a private or a Federal tax lien. The extinguishment or destruction of the junior lien comes from the nature of the superior lien and

not from a later subsequent equity determination (whether under 28 U.S.C.A. § 2410, or Section 7403, or a 7424 proceeding) that this has been the effect of enforcement of the senior lien. Consequently, when the superior lien has been validly foreclosed, it cuts off all junior liens including those of the Government." 246 F.2d at page 483.[16]

In spite of its holding that the tax lien was extinguished by the non-judicial sale, the Boyd case gave effect to the provisions of § 2410(c), the court calling attention to the fact that the District Court had "read the statutes of the United States as a composite body to allow to the Government * * * the statutory right to redeem after the sale within one year." The Court of Appeals said further, "The Government's rights have been fully preserved by the right of redemption which continues for the full year not counting the time it has been suspended during the pendency of this appeal * * *."

This portion of the Boyd opinion is criticized by both parties. The Bank argues that it was not necessary to the decision and, in effect, is inconsistent with the conclusion that the lien was extinguished. The Government suggests that since the action was not conducted under Section 2410 (but rather under Section 7403), "it is difficult to understand" how the redemption provisions of Section 2410(c) "could have any application."

We are unable to reconcile the conclusions in the Boyd case (1) that the lien was extinguished and (2) that the Gov-

---

15. United States v. Kensington Shipyard & Drydock Corp., 3 Cir., 1948, 169 F.2d 9, also tends to support the Government's position.

16. The dissenting opinion in the Metropolitan Life case succinctly expresses the rationale of the appellee: "I am in general accord with the view of the majority as to the plenary nature of the federal power of taxation. However, I cannot concede that this power enables the United States to acquire a lien upon any

greater property interest than its tax debtor owns. In the case at bar, the interest of the tax debtor was subject to destruction by exercise of the power of sale * * * the tax lien attaches only to the destructible interest that remains in a mortgagor after execution of a mortgage with a power of sale." [107 F.2d 314] See also United States v. Cless, 3 Cir., 1958, 254 F.2d 590; United States v. Brosnan, D.C.W.D.Pa.1958, 164 F. Supp. 357.

ernment still had a right to redeem under Section 2410(c).

The Bank argues that the government lien attached only to the property rights of the taxpayer, and since those rights were subject to defeasance under the prior trust deed, the lien was subject to foreclosure in the manner prescribed in the trust deed. The Government contends that once the lien attached to the property it could be removed only in a manner prescribed by Congress, relying upon the rule that the enforcement and removal of the lien are governed by federal rather than state law.

■ While the question is close, we are persuaded that the Government's position is correct. It is not enough to say that the tax lien attached only to the taxpayer's interest in the property which was subject to defeasance by a sale. Once the lien attached to the property, the Government had a right in the property which could not be divested by the contractual provisions in the deed of trust which would permit the federal tax lien to be extinguished by a sale to which the Government was not a party and did not have notice. Rather, the Government's lien could be divested only in a manner prescribed by Congress. The Bank seeks to clear title under Section 2410. It would avoid the effect of subsection (c) by foreclosing under power of sale and then instituting an action to quiet title. It is conceded that in a foreclosure action under Section 2410 a judicial sale would be required and the Government would have a right of redemption. May the Bank do indirectly what it could not do directly?

■ In our opinion a compliance with subsection "(c)" is a condition of the Government's consent to be sued un-

der Section 2410. Subsection (c) requires (1) a judicial proceeding in which the Government may assert its lien; and (2) the right of redemption within one year from the date of sale. Many states do not provide any period of redemption, so that regardless of the method of foreclosure, the Government often has a right not available to private lien holders. This is an express condition of the Government's consent to be sued.

■ Appellee is not without remedy. Its interest in the property to the extent of the amount due under the trust deed and mortgages remains prior to the federal lien.[17] It can commence an action to remove the lien under Section 7424 of the Internal Revenue Code of 1954. It can file an application with the District Director of Internal Revenue for an administrative discharge of the property from tax liens under Section 6325(b) of Title 26 U.S.C.A. It can also bring a foreclosure suit joining the United States under 28 U.S.C.A. § 2410. To hold for the appellee would divest the United States of its interest in property without its consent and without giving it an opportunity to obtain the amount, if any, by which the value of the property exceeds the amount of the prior lien.

Judgment reversed.

### On Petition for Rehearing

Upon consideration of appellee's petition for rehearing, we have concluded that our opinion, and particularly the next to the last paragraph, requires clarification. The following is supplemental to the original opinion:

■ It is well settled that "a proceeding against property in which the United States has an interest is a suit against the United States".[1] It is our view that

---

17. The Federal tax lien is effective only as to that portion of the value exceeding the amount of the mortgages and deed of trust.

1. United States v. Alabama, 1941, 313 U.S. 274, 282, 61 S.Ct. 1011, 1014, 85 L.Ed. 1327. See also The Siren, 1868, 7 Wall.

152, 19 L.Ed. 129; Carr v. United States, 1879, 98 U.S. 433, 25 L.Ed. 209, 211; State of Minnesota v. United States, 1939, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235; Metropolitan Life Ins. Co. v. United States, 6 Cir.1939, 107 F.2d 311, certiorari denied 310 U.S. 630, 60 S.Ct. 978, 84 L.Ed. 1400.

a tax lien, even though junior to a mortgage, is such an interest in property,[2] and may be divested only with the consent of the United States and in the manner prescribed by Congress.

In enacting Section 2410, Congress did more than simply provide for waiver of immunity from suit. It imposed a condition for divestiture of the property rights of the United States, i. e., a period of redemption from the foreclosure sale. If Section 2410(c) is limited to foreclosure by action, followed by a judicial sale, then a Government lien could be extinguished, without notice and without right of redemption, where the mortgagee proceeded under a power of sale; whereas, in foreclosure by action, the Government would have a right of redemption, regardless of state law,—a wholly illogical result in those states, for example, which do not provide any right of redemption. In our opinion, a compliance with subsection (c) is a condition of the Government's consent to be sued in any foreclosure under Section 2410. This requires a judicial proceeding in which the Government may assert its lien and , the right of redemption within one year from the date of sale.

■ Subsection (c) was a part of Section 2410 when the provision was added permitting the United States to be sued in a quiet title action. The purpose of that provision was to allow the clearing of real estate titles of questionable or valueless government liens,[3] but where the lien, though junior, is a valid lien, the Government's consent is predicated upon its right to assert its lien and to redeem from the sale.

■ The sole issue presented in this case by agreement of the parties was whether the sale under the power contained in the mortgages gave the purchaser a title free and clear of federal tax liens. In our opinion this question must be answered in the negative. A valid federal tax lien may not be extinguished in this manner.[4]

The petition for rehearing is denied.

2. The Third Circuit reached a contrary conclusion in United States v. Cless, 1958, 254 F.2d 590, and United States v. Brosnan, 3 Cir., 1959, 264 F.2d 762.

3. Senate Report No. 1646, 77th Cong.2d Sess. (1942) which accompanied H.R. 5578, the bill which amended Section 2410 in 1942, quotes a letter from the Attorney General to the Chairman of the House Committee on Judiciary, which reads in part:
   It should be observed in this connection that under existing law there is no provision whereby the owner of real estate may clear his title to such real estate of the cloud of a Government mortgage or lien. Welch v. Hamilton [D.C.], S.D.Cal., 33 F.2d 224, and United States v. Turner, 8 Cir., 47 F.2d 86.
   "In many instances persons acting in good faith have purchased real estate without knowledge of the Government lien or in the belief that the lien had been extinguished. In other instances, mortgages have foreclosed on property and have failed to join the United States. It appears that justice and fair dealing would require that a method would be provided to clear real estate titles of questionable or valueless Government liens. Accordingly, I suggest that the bill be amended by inserting the phrase 'to quiet title or' between the words 'matter' and 'for the foreclosure of' in line 4 in page 2 of the bill."
   This is not the type of case suggested by the Attorney General. Here the bank itself was the mortgagee, foreclosed its mortgage with constructive, if not actual, knowledge of the Government lien, became the purchaser at foreclosure sale, and then itself instituted the action to quiet title.

4. Legislation to clarify the procedure under Section 2410 is proposed in a comprehensive report of the Committee on Federal Tax Liens of the American Bar Association and adopted by its House of Delegates in February, 1959.