TRUST CO. OF TEXAS et al. v. UNITED STATES et al.

No. 533.

District Court, S. D. Texas, Houston Division.
May 5, 1933.

Frank R. Guinn, of Houston, Tex., for plaintiffs.

H. M. Holden, U. S. Atty., and Douglas W. McGregor, Asst. U. S. Atty., both of Houston, Tex., for the United States.

KENNERLY, District Judge.

This is a "Chancery Proceeding against Real Estate" brought under section 136, title 26, USCA, R. S. § 3207 (as amended), after leave granted by the court, by F. R. Pizzitola, plaintiff claiming to be the owner of, and the Trust Company of Texas, claiming a lien on, certain real estate in Harris county, Tex., in this division and district, against the United States of America, the Haden Company, and Peden Company, defendants.

No answer nor other pleading has been filed by the Haden Company or the Peden Company. The United States of America has filed motion to dismiss for want of jurisdiction, so-called general demurrer, and answer.

The material facts are that:

(a) On and prior to December 13, 1929, Scott Shambaugh owned such real estate, and on that date conveyed same to T. J. Bettes, trustee, in trust to secure, and thereby creating a lien to secure, his (Shambaugh's) notes for $3,500, payable to the Trust Company of Texas, and bearing interest from date thereof at the rate of 6 per cent. per annum. Such deed of trust was filed for record in Harris county, December 27, 1929, and recorded as required by the laws of Texas. Later there was some change of ownership of such notes, and such lien, but at the time of, and since,

the institution of this suit, and now, such lien was and is owned by plaintiff the Trust Company of Texas. Such lien for convenience is referred to herein as "First Lien."

(b) On December 13, 1929 (and after the execution of such first lien), Shambaugh conveyed such real estate to said Bettes, trustee, in trust to secure, and thereby created a lien to secure, his (Shambaugh's) notes for $159.-25, payable to the Trust Company of Texas, and bearing interest from maturity at the rate of 10 per cent. per annum. Such deed of trust was filed for record in Harris county, December 27, 1929, and recorded as required by the laws of Texas. It contains the following provision:

"If the note secured hereby is paid according to its terms, this conveyance shall be void and shall be released at Grantor's expense; but if default be made in the payment of said note, or any installment thereof, when due, then, at the request of the legal holder thereof, said Trustee, or his successor hereunder, shall sell above described premises, subject to such part of the note hereby secured as may not then have matured, as prescribed by the statutes of Texas relative to sales of real estate under deed of trust, execute and deliver a good and sufficient deed therefor and receive the proceeds of sale which shall be applied as follows: first, to the expense of making such sale, including compensation to the acting trustee; second, to the payment of the indebtedness hereby secured and then past due; third, to the payment of any interest, insurance premiums or taxes due and delinquent under the terms of said First Deed of Trust; and the balance, if any, shall be paid to the Grantors, their heirs or assigns. And such sale shall not be held to exhaust the powers granted to said Trustee and his successor or successors hereunder but shall survive and continue, and subsequent similar sales may be made upon any subsequent default, so long as any of the indebtedness secured hereby remains unpaid.

"In case of death of the Trustee or any successor Trustee appointed hereunder, or in case he or they be absent from the State, or fail or refuse, or be disqualified from acting hereunder, the legal holder or holders of said indebtedness shall have full power to appoint a substitute, in writing, without notice to Grantors, who shall have the same powers which are hereby delegated to said Trustee, and Grantors do hereby absolutely ratify and confirm any and all acts that the said Trustee, or his successors in this trust, may lawfully do in the premises by virtue hereof.

"Purchaser at any sale hereunder shall take title subject to the lien of said First Deed of Trust."

Such deed of trust is referred to herein for convenience as "Second Lien." Same is subsequent and inferior to the first lien.

(c) April 12, 1932, the Haden Company recovered in the District Court of Harris county, a judgment against Scott Shambaugh for $6,919.82, with interest at the rate of 8 per cent. per annum, and June 1, 1932, caused to be filed for record and thereafter recorded in Harris county, an abstract of such judgment, whereby the Haden Company acquired a lien on such real estate, inferior however, to the first lien and second lien.

(d) May 26, 1932, Peden Company recovered in the county court at law of Harris county a judgment against Scott Shambaugh for $742.33, with interest, and on a date not shown caused to be filed for record and thereafter recorded in Harris county, an abstract of such judgment, whereby Peden Company acquired a lien on such real estate, inferior, however, to the first lien and second lien.

(e) February 26, 1930, there was assessed against Scott Shambaugh by the United States government, income tax for the year 1925, in the sum of $214.11, and May 31, 1931, income tax for the year 1927 in the sum of $2,269.85, and on June 14, 1932, James W. Bass, United States Collector of Internal Revenue for the First District of Texas, at Austin, filed or caused to be filed for record in Harris county, and afterwards recorded, a notice of such tax, such as is required by section 115, title 26, U. S. Code Annotated, and such as is permitted by article 6644, Texas Revised Civil Statutes 1925 and amendments, to be filed and recorded, whereby the United States fixed its lien in such amounts against such real estate, but subsequent and inferior to the first lien and second lien.

(f) July 5, 1932, Bettes, the trustee named in the second lien, because of Shambaugh's default in the keeping of the covenants contained in the second lien, and after giving the notice required by the second lien, sold such real estate at trustee's sale, at the time and place and in the manner provided in the second lien, to the Trust Company of Texas, executing and delivering to the Trust Company his deed as trustee, which was duly filed for record in Harris county, Tex., September 8, 1932, and thereafter recorded. Such sale and such deed conveyed to the Trust Company such real estate, subject only to the first lien.

(g) On October 13, 1932, by deed of that date, the Trust Company of Texas conveyed such real estate to plaintiff Pizzitola, subject, however, to the first lien.

1. The government's "Motion to Dismiss for want of Jurisdiction" and its so-called general demurrer have not been presented under District Court Rule 25, and the "Demurrer" will, therefore, be regarded as abandoned. Since the motion questions the jurisdiction of the court, it will be considered.

Plaintiffs pray in their bill that Pizzitola be decreed to own and possess in fee simple such real estate, free and clear from any and all liens, except the first lien, and that the lien of the Haden Company and Peden Company and of the United States of America be canceled and held extinguished, etc., as against the real estate. There is no prayer that the court decree a sale of the real estate and a distribution of the proceeds of sale, etc. Citing Sherwood v. United States (D. C.) 5 F.(2d) 991, and Ormsbee v. United States (D. C.) 23 F.(2d) 926, the United States contends that this court has jurisdiction to proceed only in accordance with the precise wording of section 136, title 26 USCA, and since plaintiffs do not pray that the court decree a sale, and a distribution of the proceeds of sale, no relief of any kind or character may be granted them.

That this would not be the proper, but an unreasonable, construction of the act, is clear. The act fixes the bounds of the jurisdiction of the court, and beyond such bounds doubtless the court may not go. But the relief here prayed for by plaintiffs is within such bounds. Minnesota Mutual Life Insurance Co. v. United States (D. C.) 47 F.(2d) 942, 943; Oden v. United States (D. C.) 33 F.(2d) 553.

2. Coming now to the merits of the case, plaintiffs claim that the liens of the Haden Company, Peden Company, and the United States were extinguished as against the real estate by the trustee's sale of July 5, 1932, under the second lien. That, under the power of sale in the second lien hereinbefore quoted, this is true, cannot be doubted. The courts of Texas hold that a sale under a power such as this extinguishes not only all the rights of the owner in the property sold, but all subsequent and inferior liens thereon. Hampshire v. Greeves, 104 Tex. 620, 143 S. W. 147, 148. To the same effect are the federal cases. Jackson v. Lawrence, 117 U. S. 679, 6 S. Ct. 915, 29 L. Ed. 1025; Mansfield v. Excelsior Refinery Co., 135 U. S. 326, 329, 10 S. Ct. 825, 34 L. Ed. 163; Bell Silver,

etc., Mining Co. v. First Nat. Bank, 156 U. S. 470, 15 S. Ct. 440, 39 L. Ed. 497, 499. I know of nothing which exempts the United States from the operation of this rule.

Judgment for plaintiffs.