**In re Robert H. ISOM, and Mary E. Isom, Debtors.**

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Appellant,**

v.

**Robert H. ISOM, and Mary E. Isom, Appellees.**

**BAP No. WW 87–2189–AsRMo.**

**Bankruptcy No. 87–01813.**

**Adv. No. A87–03809.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 19, 1988.

Decided Dec. 9, 1988.

---

Before ASHLAND, RUSSELL and MOOREMAN, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

The United States appeals a grant of summary judgment in favor of Robert and Mary Isom (debtors) ordering the removal of prepetition tax liens. We reverse.

## FACTS

The facts in this case are undisputed. Debtors owed the United States personal income taxes for the years 1974 through 1982, when they filed a Chapter 7 petition in March 1987. The debtors brought an adversary proceeding seeking a determination that the tax obligations were dischargeable and sought an order requiring the Internal Revenue Service (IRS) to release its prepetition tax liens pursuant to 26 U.S.C. § 6325(a)(1) (1982 Supp. IV 1986). The IRS agreed that the debtors' personal liability for the taxes was dischargeable under 11 U.S.C. §§ 523(a)(1), 507(a)(7), and 727. The IRS, however, argues that prepetition tax liens for discharged tax liabilities are not required to be removed under § 6325(a)(1).

The bankruptcy court granted summary judgment for the debtors. The court reasoned that since the tax obligations for 1974 through 1982 were subject to discharge, the tax obligations for those years are legally unenforceable. The court then held that tax liens securing obligations that are legally unenforceable must be removed pursuant to § 6325(a)(1). The court ordered the IRS to release any and all liens filed against the debtors or their property with respect to the discharged tax obligations.

## ISSUE

Whether prepetition tax liens for tax liabilities discharged in bankruptcy are required to be removed under 26 U.S.C. § 6325(a)(1).

Gene S. Anderson, U.S. Atty., Seattle, Wash., for appellant.

W. Jeff Davis, Hatch & Leslie, Seattle, Wash., for appellees.

## STANDARD OF REVIEW

■ An appellate court makes an independent review of a grant of summary judgment. *Darring v. Kincheloe,* 783 F.2d 874, 876 (9th Cir.1986); Fed.R.Civ.P. 56(c). This court must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the bankruptcy court correctly applied the relevant substantive law. *Ashton v. Cory,* 780 F.2d 816, 818 (9th Cir.1986).

## DISCUSSION

The Internal Revenue Code of 1986, which is applicable to this action, states:

(a) Release of lien.—Subject to such regulations as the Secretary may prescribe, the Secretary shall issue a certificate of release of any lien imposed with respect to any internal revenue tax not later than 30 days after the day on which—

(1) Liability satisfied or unenforceable. —The Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable ...

26 U.S.C. § 6325 (1982 Supp. IV 1986).

The IRS argues that under § 6325(a)(1) legally unenforceable means unenforceable due to lapse of time. Secondly, the IRS contends that even if § 6325 does apply, the liens are not legally unenforceable because the liens survive bankruptcy, and are therefore enforceable *in rem.* Conversely, the debtors contend that the word liability as used in § 6325(a)(1) means personal liability. Thus, if the personal liability is discharged in bankruptcy, the "liability" has become unenforceable and the Secretary is required to release any liens.

The predecessor to § 6325(a) was § 3673 of the Internal Revenue Code of 1939, which provided that tax liens must be released if:

(a) Liability satisfied or unenforceable. —The collector finds that the liability for the amount assessed, together with all interest in respect thereof, has been sat-

isfied or has become unenforceable by reason of lapse of time.

26 U.S.C. § 3673 (1939).

■ In 1954, § 3673 was replaced by § 6325(a), which is virtually identical to the current statute. The 1954 provision substituted "legally unenforceable" for "unenforceable by reason of lapse of time". The new law clearly contemplated other methods by which tax liabilities might become unenforceable. While lapse of time might be one such method, there are clearly other methods that a liability might become legally unenforceable. *Trust Co. of Texas v. United States,* 3 F.Supp. 683 (S.D.Tex. 1933) (Sale by trustee in second deed extinguished secondary tax liens); *see also Kurio v. United States,* 281 F.Supp. 252 (S.D. Tex.1968).

Furthermore, in 1954 Congress enacted § 6322 which provides:

*Period of Lien.*

Unless another date is specifically fixed by law, the lien imposed by Section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed ... is satisfied or becomes legally unenforceable by reason of lapse of time.

26 U.S.C. § 6322 (1954).

Section 6325(a)(1) would be completely redundant when read with § 6322 if legally unenforceable in the former section is given the narrow meaning suggested by the IRS. Since Congress specifically provided for the release of tax liens when the tax liability has become unenforceable due to lapse of time in § 6322, Congress could not have intended legally unenforceable in § 6325 to be limited solely to cases where the liability has become unenforceable due to lapse of time.

The parties agree that absent § 6325(a)(1) the tax liens would remain in force after the discharge in bankruptcy. In fact, the legislative history of § 522(c) expressly addresses this point:

... The bankruptcy discharge does not prevent enforcement of valid liens. The rule of *Long v. Bullard,* 117 U.S. 617 (1886) [6 S.Ct. 917, 29 L.Ed. 1004], is accepted with respect to the enforcement

of valid liens on nonexempt property as well as on exempt property. Cf. *Louisville Joint Stack [Stock] Land Bank v. Radford*, 295 U.S. 555, 583 (1935) [55 S.Ct. 854, 79 L.Ed. 1593].

Subsection (c)(3) permits the collection of dischargeable taxes from exempt assets. Only assets exempted from levy under Section 6334 of the Internal Revenue Code [§ 6334 of Title 26, Internal Revenue Code] or under applicable state or local tax law cannot be applied to satisfy these claims. This rule applies to prepetition tax claims against the debtor regardless of whether the claims do or do not receive priority and whether they are dischargeable or nondischargeable. Thus, even if a tax is dischargeable vis-a-vis the debtors after acquired assets, it may nevertheless be collectible from exempt property held by the estate....

S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5862.

■ The debtors argue that irrespective of the Bankruptcy Code, the liens must be released pursuant to § 6325(a)(1) of the Internal Revenue Code. The debtors contend that the word liability as used in § 6325(a)(1) means personal liability; therefore, if the personal liability is discharged any tax liens become legally unenforceable. We find the debtors' reading of § 6325 strained. Congress clearly intended to coordinate § 522 of the Bankruptcy Code with § 6321 *et seq.* of the Internal Revenue Code. While it is generally correct that the word liability as used in the Internal Revenue Code means personal liability, § 6325 must be read in conjunction with § 6321 which creates the tax lien. Section 6321 provides:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321 (1982 Supp. IV 1986).

Section 6321 gives the United States the right to enforce what would otherwise be a personal liability against the taxpayer's property. Upon perfecting its lien, the United States, as a result of § 6321 has a right to collect both *in personam* and *in rem*, and can enforce either. In order to interpret § 6325 consistently with § 6321 the word liability in § 6325 must be read to mean both *in personam* and *in rem* liability.

The *in personam* liability may be discharged in bankruptcy, as was the case in this proceeding, but as stated above the tax lien remains in force. Thus, the *in rem* liability remains enforceable, and is therefore not legally unenforceable. Since the tax liability is not legally unenforceable the Secretary was not required to release the tax liens pursuant to § 6325(a)(1).

## CONCLUSION

The debtors' tax liability is not legally unenforceable within the meaning of § 6325; therefore, the Secretary is not required to release the prepetition tax liens on debtors' property. The judgment of the bankruptcy court is reversed.

MOOREMAN, Bankruptcy Judge, dissenting.

I agree with the majority's discussion with regard to 26 U.S.C. section 6325(a)(1)'s language and meaning of "legally unenforceable." However, I am unable to concur in the Panel's conclusion that although the personal liability becomes unenforceable by reason of the bankruptcy discharge, the IRS need not release the underlying lien arising out of such liability.

The clear language of section 6325(a)(1) provides for the release of the tax lien when "the *liability* ... has become legally unenforceable." In the instant case, it is undisputed that the debtors' personal liability for the debt has become legally unenforceable. To hold, however, that the prepetition tax liens may still be enforced against the debtors' property is in my view, contrary to the plain statutory language of section 6325(a)(1) and the recognized notion of allowing the debtor a fresh start.

Accordingly, I respectfully dissent and would affirm the bankruptcy court's grant-

ing of summary judgment in favor of the debtors.