**In re Robert J. HOLLAND, Debtor.**

**Robert J. HOLLAND, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

**Adv. Nos. C87–0494–H7, 87–02929–H7.**

United States Bankruptcy Court, S.D. California.

July 31, 1989.

Frederick C. Phillips, Phillips, Campbell, et al., San Diego, Cal., for plaintiff.

Greg Addington, Trial Attorney, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether funds obtained by the IRS through pre-petition collection activity can be recovered by the debtor pursuant to 11 U.S.C. §§ 547(b) and 522(h).

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

The plaintiff/debtor Robert J. Holland ("debtor") and defendant Commissioner of Internal Revenue Service ("IRS") have filed cross-motions for summary judgment on a complaint to avoid a preference and for a violation of the automatic stay.

Debtor seeks summary judgment on his complaint claiming that the payments received by the IRS are a preference that have enabled the IRS to receive more than it would have been entitled to had the levies and seizures not occurred. 11 U.S.C. § 547(b)(5). Debtor further claims that his wages were garnished after the filing of his bankruptcy petition in clear violation of the automatic stay.

Defendant IRS contends that the pre-petition payments are not recoverable by the bankruptcy estate because the requirements for a preferential transfer have not been met. With respect to the post-petition wage levy, the IRS contends that this matter is moot. Instead, the IRS requests that this court grant summary judgment in favor of the IRS.

## FACTS

This court finds that the following facts are undisputed by the evidence presented.

On August 27, 1985, the IRS filed its notice of federal tax lien relative to the debtor's federal income tax liabilities for the 1981, 1982, and 1983 taxable years.

On March 16, 1987, the IRS offset the debtor's 1986 income tax refund and applied the refund to the debtor's 1981 income tax liability. The amount offset was $1,176, leaving a balance remaining of $2,716.09 for 1981 income tax liability.

On April 13, 1987, the IRS served a notice of levy upon the debtor's account at the North Island Federal Credit Union and received the sum of $2,301.83, which amount was credited to the debtor's 1981 and 1982 income tax liabilities.

On April 24, 1987, the debtor filed his petition for relief under Chapter 7 of Title 11 of the United States Code.

On May 21, 1987, the debtor's employer, Department of the Navy, responded to the wage levy previously served upon it by the IRS. The wage levy was served on the debtor's employer on April 13, 1987. How-

ever, the debtor's employer deducted monies from the debtor's wages for a pay period which was entirely post-petition. The amount obtained pursuant to the wage levy was $760.63 and was originally applied to the debtor's 1982 income tax liability. The amount of the wage levy proceeds was later credited to the debtor's 1983 non-dischargeable income tax liability.

The IRS was the only secured creditor listed in the debtor's schedules. The total amount owed to the IRS was approximately $15,500. The debtor's income tax liabilities for the 1981 and 1982 taxable years, to the extent they are unsecured and unpaid, have been discharged. The debtor's income tax liability for the 1983 taxable year is a non-dischargeable debt.

After a hearing on June 1, 1989, on the cross-motions for summary judgment, the court took this matter under submission. The parties were allowed additional time to submit supplemental points and authorities in support of their motions.

## DISCUSSION

Summary judgment is proper if the affidavits and other pleadings demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *In re Zupancic*, 38 B.R. 754, 757 (9th Cir. BAP 1984); *See also*, Bankruptcy Rule 7056; Federal Rule of Civil Procedure 56(c); *In re San Antonio Acres, 72 Plus*, 37 B.R. 842, 844 (C.D.Cal.1984); *In re Sarner*, 22 B.R. 63, 64 (9th Cir. BAP 1982). The movant has the burden of establishing the absence of a triable issue of fact. If a movant's initial burden is satisfied, the burden then shifts to the non-moving party to come forward with specific facts showing that there remains a genuine factual issue for trial. *See, In re Dumas*, 28 B.R. 1, 2 (9th Cir. BAP 1983).

The debtor concedes owing the IRS $933.12 for 1981 taxes, $7,042.02 for 1982 taxes, and $7,474.50 in 1983 taxes. Debtor contends that the $3,477.83 seized by the IRS within the ninety day preference period would have remained in the debtor's possession absent the seizures, since he had claimed those items as exempt in his schedules and the trustee had not objected to the exemptions. The debtor then points out that had the $3,477.83 not been seized by the IRS or if it is returned to him as a preference, then he could have paid those funds to the IRS on his non-dischargeable 1983 tax obligations, rather than having them applied by the IRS to the 1981 and 1982 dischargeable tax obligations.

■ The funds obtained by the IRS through the pre-petition offset of the debtor's tax refund on March 16, 1987 and the pre-petition levy on April 13, 1987 at the debtor's savings account at the North Island Federal Credit Union were applied to the debtor's 1981 and 1982 income tax liabilities. These liabilities were fully secured by the federal tax lien filed on August 27, 1985. Federal tax liens survive the debtor's bankruptcy and are fully enforceable against the debtor's exempt and non-exempt assets notwithstanding the discharge of the underlying tax liabilities. 11 U.S.C. § 522(c)(2)(B). *In re Isom*, 95 B.R. 148, 151 (9th Cir. BAP 1988). The debtor's discharge in bankruptcy operates as a discharge only of *in personam* liability to the IRS and does not require a release of the IRS pre-petition tax liens. Thus, even though the *in personam* liability may be discharged in bankruptcy, the tax lien remains in force. Thus, the *in rem* liability remains enforceable even against the debtor's exempt property. *In re Isom, supra.*

■ Further, the debtor did not present any evidence of any other claims of higher priority than the IRS claim. Since the debtor claimed the tax refund and cash in the credit union as exempt, those funds would have been unavailable for the unsecured creditors. Therefore, the debtor has failed to prove that the IRS would have received more through the pre-petition levies than it would have through the distribution scheme of the Chapter 7 proceeding. 11 U.S.C. § 547(b)(5).

The improper post-petition wage levy by the IRS is now moot, since the IRS concedes its mistake and has credited the wage levy to the debtor's non-dischargea-

ble 1983 tax liabilities. Accordingly, Debtor's motion for summary judgment is denied and the IRS motion is granted.

CONCLUSION

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for the IRS is directed to file with this court a judgment in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.