**Vernon P. HUSEK, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE OF the UNITED STATES of America, Defendant.**

**No. 91–CV–0444.**

United States District Court, N.D. New York.

Nov. 22, 1991.

---

Vernon P. Husek, pro se.

Frederick J. Scullin, Jr., U.S. Atty. (James C. Woods, Asst. U.S. Atty., of counsel), Albany, N.Y., and Leslie Singer, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

## I.

## INTRODUCTION

Plaintiff commenced this action on April 24, 1991, to challenge alleged procedural

violations by the Internal Revenue Service ("IRS") in filing a notice of a federal tax lien against his property for failure to satisfy his federal tax liabilities. The United States has moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) or, in the alternative, for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). In addition, the United States has moved for a protective order staying plaintiff's discovery pursuant to Fed.R.Civ.P. 26(c) pending the court's decision on this motion to dismiss.

## II.

## BACKGROUND

The facts which underlay this action are basically not in dispute. The IRS claims, and plaintiff does not deny, at least for purposes of this motion, that plaintiff incurred certain tax liabilities for the taxable years 1985, 1986, and 1987. Nor does plaintiff challenge the substance of the assessment of tax liability. Rather, plaintiff's entire cause of action rests on his contention that the IRS violated certain procedures in filing a notice of a federal tax lien against his property. Specifically, he alleges that the IRS failed to send him a "Notice and Demand for Tax" as required by 26 U.S.C. section 6303.[1] As a result of this alleged procedural violation, plaintiff requests the following relief:

    A. That the Defendants be enjoined immediately and permanently from any continued administrative assessment and collection procedures for those years they have demanded; and

    B. that the Defendants compensate the Plaintiff for property that has been illegally seized; and

    C. that the Defendants be enjoined from any future assessments that will not include the proper use and execution of forms; and

    D. that the Defendants pay costs, legal expenses and a reasonable attorney fee; and

    E. that any further relief be granted as the nature of the Plaintiff's cause may require

Plaintiff's Complaint at 7.

## III.

## DISCUSSION

As a prerequisite to a discussion of the merits of plaintiff's complaint, this court must conclude that it has jurisdiction to entertain this action. In this regard, the IRS argues that this court lacks jurisdiction for the following reasons:

    (1) the IRS is not a suable entity;

    (2) insufficient service; and

    (3) the doctrine of sovereign immunity

See Defendant's Memorandum of Law Although any one of these reasons would be sufficient to divest this court of jurisdiction, the court will discuss each of them *seriatim.*

### A. The Internal Revenue Service is not a Suable Entity and Service was Insufficient

■ The Government claims that the IRS is not a suable entity and that therefore the court should dismiss the complaint. While courts have so held, they have also held that an action against the IRS is effectively one against the United States. *See Pugh v. Internal Revenue Serv.,* 472 F.Supp. 350, 351 (E.D.Penn.1979); *Terrapin Leasing, Ltd. v. United States,* 449 F.Supp. 7, 8 (W.D.Okla.1978). Plaintiff does not deny that he may have named the wrong party as defendant, but he asks that this court grant him the opportunity to amend his complaint to remedy this mistake pursuant to Fed.R.Civ.P. 15(c). This rule states in pertinent part:

---

1. 26 U.S.C. section 6303 states in pertinent part:
   (a) **General rule.**
       Where it is not otherwise provided by this title, the Secretary shall, ..., within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.
   26 U.S.C. § 6303(a) (1982)

[a]n amendment changing the party against whom a claim is asserted relates back if ... that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Fed.R.Civ.P. 15(c) (1991 Rev.Ed.)

In this instance, although the complaint's caption names the IRS as defendant rather than the United States, plaintiff served the United States Attorney in Albany and sent a copy of the summons and complaint by certified mail to the Attorney General in Washington, D.C. pursuant to Fed.R.Civ.P. 4(c) which governs service upon the United States.[2] Given these facts, for purposes of this motion, this court will treat the complaint as though the United States were the named defendant.

*B. Sovereign Immunity*

The United States alleges that this complaint should be dismissed because the Government has not waived its sovereign immunity under the circumstances of this suit. Although in his complaint plaintiff provides a long list of statutes as a basis for this court's jurisdiction,[3] the gravamen of his complaint rests on this court's juris-

diction to grant injunctive relief pursuant to 28 U.S.C. section 2410 as an exception to the Anti–Injunction Act, 26 U.S.C. § 7421, and on its jurisdiction to award damages pursuant to 26 U.S.C. section 7432. The court will discuss each of these jurisdictional arguments in turn.

1. 28 U.S.C. section 2410 and 26 U.S.C. section 7421

Section 2410 states in pertinent part:

(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—

(1) to quiet title to, ... real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a) (1982).

Section 7421 states in pertinent part:

Except as provided in sections 6212(a)(c), 6213(a), 6672(b), 6694(c) and 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a) (1988).

To determine whether section 2410 provides this court with jurisdiction to entertain this action, the court must look to the relief sought. First of all, plaintiff seeks to have the IRS enjoined from any future administrative assessment and collection procedures for the tax liability for the years in question. *See* Plaintiff's Complaint at 7. While courts have held that

---

**2.** The United States claims that plaintiff did not serve the Attorney General. However, attached to his response papers, plaintiff included certified mail and return receipt requested forms demonstrating that he had mailed the complaint to the Attorney General in Washington.

**3.** As the Government points out in its memorandum of law, several statutes on which the plaintiff relies to establish this court's jurisdiction do not provide waivers of the Government's sovereign immunity. *See Arvanis v. Noslo Engineer-*

*ing Consultants, Inc.,* 739 F.2d 1287 (7th Cir. 1984), *cert. denied,* 469 U.S. 1191, 105 S.Ct. 964, 83 L.Ed.2d 969 (1985) (section 1331 alone does not waive sovereign immunity); *Geurkink Farms, Inc. v. United States,* 452 F.2d 643 (7th Cir.1971) (section 1340 is not a waiver of governmental immunity from suit or a consent to be sued); *Purk v. United States,* 747 F.Supp. 1243 (S.D.Ohio 1989) (section 7804(b) does not provide an independent basis for jurisdiction).

section 2410 provides the jurisdictional basis for a court to provide such injunctive relief by ordering the IRS to lift a lien, there is no need for the court to grant such relief here. *See Kulawy v. United States*, 917 F.2d 729 (2d Cir.1990); *Aqua Bar & Lounge, Inc. v. United States*, 539 F.2d 935 (3d Cir.1976). Around the same time that plaintiff commenced this suit, the IRS released the liens as being fully satisfied and ceased all collection activities against the plaintiff for said assessments. *See* Defendant's Memorandum of Law at 2. For this reason, the IRS argues that this action is moot.

Plaintiff does not contest the fact that the IRS has lifted the lien; however, he argues that this fact does not strip this court of its jurisdiction. As support for this argument, plaintiff relies on *Kulawy v. United States*, 917 F.2d 729 (2d Cir.1990). In *Kulawy* the IRS had established a lien on the taxpayer's property for failure to pay his taxes. Kulawy made no payments after the lien was established claiming that he was not subject to federal income tax. As a result, the IRS sent him a notice of its intent to levy on his personal property, including two automobiles. After seizing these cars, the IRS notified Kulawy of its intent to sell them. At this point, Kulawy commenced an action to quiet title to the cars alleging, *inter alia*, that the IRS had failed to send him notice and demands as required by 26 U.S.C. section 6303(a). *Id.* at 731.

In response to Kulawy's complaint, the government moved for summary judgment on the grounds that the district court lacked subject matter jurisdiction because the action had been rendered moot by the sale of the property and that 28 U.S.C. section 2410 did not waive sovereign immunity to quiet-title actions where the United States no longer had any interest in the property. *Id.* at 732. After considering these arguments, the district court concluded that because the government had a lien on the cars at the time the suit was commenced, nothing in section 2410(a) permitted the government, by selling the property, to oust the court of jurisdiction once it had been validly invoked. *Id.* at 733–34

(citing *cf., Bank of Hemet v. United States*, 643 F.2d 661, 665 (9th Cir.1981) (28 U.S.C. section 2409a permits quiet-title action where title to property later sold was still claimed by government at time complaint filed)). Although the Second Circuit upheld the district court's conclusion that it had jurisdiction to hear the quiet-title action, it also held that in a section 2410 action, only equitable relief affecting title, and not damages, could be awarded. *Kulawy*, 917 F.2d at 736 (citations omitted).

■ The court's holding in *Kulawy* is not dispositive of this motion. Rather, it is applicable only to those situations in which there is a sale of the levied property to a third-party purchaser. Here, plaintiff has not alleged that any of his property has been sold or that the IRS ever intended to sell his property to satisfy his tax liability. Although plaintiff's complaint alleges that the IRS seized his property, it does not specify the type of property seized. *See* Plaintiff's Complaint at ¶ 29. Plaintiff offers some clarification on this point in his memorandum of law in opposition to the present motion. There he states that "after commencement of this suit, *funds owed to the plaintiff* but in the possession of third parties were seized by use of the lien, without the consent of the plaintiff, to fully satisfy the lien. The plaintiff made no voluntary payments on the lien." *See* Plaintiff's Memorandum of Law at 2 (emphasis added). At oral argument, defendant's attorney stated that the IRS had levied on plaintiff's wages to satisfy his tax obligations. Such property is not the type that the government can sell to satisfy plaintiff's tax liability nor is it the type of property for which plaintiff can bring a "quiet title" action pursuant to section 2410.

■ Originally, courts interpreted section 2410 to provide a cause of action only for third parties who sought to quiet title to property as between themselves and a taxpayer. However, in *Aqua Bar & Lounge, Inc. v. United States*, 539 F.2d 935 (3d Cir.1976), the Third Circuit held that "if § 2410 is construed to lift the

barrier of sovereign immunity only to actions brought by parties other than the taxpayer whose property is at stake, the taxpayer would have no available means of enforcing compliance with the procedures enacted for his benefit." *Id.* at 939. Therefore, although a taxpayer, such as plaintiff, may bring an action to quiet title to his property, such an action requires a third party purchaser as a necessary party. *See Kulawy,* 917 F.2d at 736 (citations omitted). The only relief that plaintiff can obtain from the government is a court order to lift the lien—something that the IRS has already done in this instance.[4] Therefore, since the IRS has already lifted the lien, and there is no title for plaintiff to quiet relative to a third party purchaser, section 2410 does not give this court jurisdiction under the facts of this case.

Next, plaintiff seeks to have this court enjoin the IRS from any future assessments that do not include the proper use and execution of the required forms. *See* Plaintiff's Complaint at 7. Plaintiff contends that the court has jurisdiction to grant this relief based on the Supreme Court's holding in *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). In *Enochs* the Court held that "if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the [Anti–Injunction] Act is inapplicable and, ..., the attempted collection may be enjoined if equity jurisdiction otherwise exists." *Id.* at 7, 82 S.Ct. at 1129, 8 L.Ed.2d at 296. The Court went on to say that "[o]nly if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the com-

plaint must be dismissed." *Id.* Plaintiff argues that this case fits within the *Enochs* exception because the IRS cannot ultimately prevail where it has violated the procedural requirements of section 6303(a) and the court's equity jurisdiction is necessary to ensure that the IRS practices no further injustice toward the plaintiff in the form of future unlawful summary collections. *See* Plaintiff's Memorandum of Law at 7.

■ Although plaintiff correctly states the holding in *Enochs,* there is no reading of the facts of this case which would place it within the *Enochs* exception. First of all, it is impossible to tell from plaintiff's complaint whether he seeks injunctive relief for future assessment and collection actions by the IRS with reference to the tax liability for the years in question or for tax liabilities which may or may not occur in the future. If it is the latter case, then this court presently lacks jurisdiction because the case is not ripe for adjudication. Plaintiff has suffered no present wrong for which he can seek relief as to possible future tax liabilities, and these future actions from which he argues he may suffer may never occur. If at some time in the future the IRS injures plaintiff, that would be the appropriate time for such a suit, not now.

■ On the other hand, if plaintiff is referring to the IRS' future activities with reference to the tax liabilities for the years in question, plaintiff still has failed to demonstrate that this case falls within the *Enochs* exception to the Anti–Injunction Act. Plaintiff argues that any time the government violates the procedural requirements for establishing a lien, the underlying tax liability is unenforceable as a matter of law and therefore the government cannot un-

---

4. The court notes that most of the cases plaintiff cites to support his argument that section 2410 applies to this case can be distinguished on their facts. Each of them involved situations in which the government had seized property that, at the time the suit was commenced, it either had plans to sell or had already sold. *See Kulawy v. United States,* 917 F.2d 729 (2d Cir. 1990); *Aqua Bar & Lounge, Inc. v. United States,* 539 F.2d 935 (3d Cir.1976).

Although plaintiff also cites *Commissioner of Internal Revenue Serv. v. Shapiro,* 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976), for the proposition that the court could enjoin a levy for lack of section 6303 notice, that case involved a jeopardy assessment in which plaintiff contested his tax liability. Furthermore, in its decision the Court never addressed section 6303 notice.

der any circumstances establish its claim to the amounts owed. To the contrary, neither *Enochs* nor any other case law supports this conclusion. While it is true that the IRS' failure to follow the correct procedures for filing the lien would render the lien unenforceable, it does not follow that the underlying tax liability is unenforceable. In *United States v. Berman*, 825 F.2d 1053 (6th Cir.1987), the court held that the notice provisions of section 6303(a) were designed to protect the taxpayer where the IRS collected taxes administratively but did *not* restrict the government's right to maintain a civil action against the taxpayer for the amount due.[5] *Id.* at 1060 (emphasis added); *see also United States v. Chila*, 871 F.2d 1015 (11th Cir.), *cert. denied*, 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989). Therefore, since plaintiff has not demonstrated that the government could not prevail on its claim that plaintiff is liable for certain taxes, this case does not fit within the *Enochs* exception; and the court has no jurisdiction under section 2410 to hear such a claim.

### 2. 26 U.S.C. section 7432

■ Plaintiff relies on 26 U.S.C. section 7432 as a basis for this court's jurisdiction to award him damages for his property that he alleges the IRS illegally seized. *See* Plaintiff's Complaint at 7. Section 7432 states in pertinent part:

(a) **In general.**

If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7432(a) (1988).

Section 6325 states in pertinent part:

(a) **Release of lien.**

Subject to such regulations as the Secretary may prescribe, the Secretary shall issue a certificate of release of any lien imposed with respect to any internal revenue tax not later than 30 days after the day on which—

(1) **Liability satisfied or unenforceable.** The Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable; ...

26 U.S.C. § 6325(a) (1988).

Plaintiff asserts that because the IRS did not follow the procedures required by section 6303(a) as prerequisites to implementing a lien on his property, the underlying tax liability is legally unenforceable. Therefore, he argues that the IRS' failure to lift the lien after he notified the IRS that he had never received the "Notice and Demand for Tax" subjects the IRS to damages pursuant to section 7432. Plaintiff, however, cites no case law which defines "legally unenforceable" to include a situation in which the proper procedures have not been followed. The only case this court could find which defined this term was *In re Isom*, 95 B.R. 148 (9th Cir. B.A.P.1988), *aff'd*, 901 F.2d 744 (9th Cir. 1990), in which the court discussed the meaning of "legally unenforceable" in the context of tax liens. Although the court held that this term meant more than legally unenforceable by reason of lapse of time, the only other definition it cited involved a sale by a trustee in a second deed which extinguished secondary tax liens, thus making them unenforceable. *Id.* at 150 (citing *Trust Co. of Texas v. United States*, 3 F.Supp. 683 (S.D.Tex.1933)). The court then concluded that under the circumstances of its case *in rem* liability remained enforceable and was not discharged in bankruptcy. *Id.* at 151.

Furthermore, as discussed above, the court in *Berman* specifically held that pro-

---

**5.** Plaintiff cites *Mrizek v. H. Alan Long*, 187 F.Supp. 830 (N.D.Ill.1959), for the proposition that a court has jurisdiction under section 2410 to enjoin the collection of taxes if the "Notice and Demand for Tax" does not exist. This holding does not affect the court's determination of this motion, however, since the tax in the present action has already been collected. As to future collection procedures, as stated above, the court lacks jurisdiction to enjoin an event that may never occur.

cedural failures only render the lien unenforceable, not the underlying tax liability. *See Berman,* 825 F.2d at 1060. Since the IRS has already lifted the lien, the issue of whether it is enforceable is moot. Moreover, plaintiff does not contend that the IRS failed to lift the lien once it determined that plaintiff's tax liability was satisfied as required by section 6325. He only argues that the IRS should have lifted the lien as soon as he notified the IRS that he did not receive the notice, thereby making the lien unenforceable. However, it is the IRS, not the taxpayer, who must make the determination required by section 6325. Accordingly since the IRS complied with the procedures set forth in section 6325 upon making its determination, the court concludes that plaintiff cannot maintain a suit for damages pursuant to section 7432.

## CONCLUSION

This court holds that under the circumstances of this case neither section 2410 or section 7432 provides this court with jurisdiction to entertain this suit. Therefore, it cannot reach the merits of plaintiff's complaint that the IRS failed to follow the appropriate procedural requirements to establish a lien against plaintiff's property. Accordingly, the court grants the government's motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Moreover, as a result of the court's determination of this motion, it is not necessary to consider the government's second motion for a protective order.

IT IS SO ORDERED.